# WEIL, GOTSHAL & MANGES LLP

1300 EYE STREET, NW
SUITE 900
WASHINGTON, DC 20005
(202) 682-7000
FAX: (202) 857-0939

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW

WRITER'S DIRECT LINE
(202) 682-7059
jeff.white@weil.com

August 7, 2009

**BY EMAIL**

J. Gerard Stranch, IV, Esq.
Michael G. Stewart, Esq.
Branstetter, Stranch & Jennings, PLLC
227 Second Ave. North, Fourth Floor
Nashville, TN 37201-1631

Re: **Dahl et al. v. Bain Capital Partners, LLC et al.,
Case No. 1:07-CV-12388**

Dear Gerard and Michael:

I write to follow up on our August 7, 2009 telephonic meet and confer regarding Providence Equity Partners Inc.'s ("Providence Equity") Responses and Objections to Plaintiffs' First Set of Interrogatories ("plaintiffs' interrogatories"). Providence Equity confirmed that it has not waived any of its objections to plaintiffs' interrogatories.

## I.  General Objections

Providence Equity confirmed that it has not restricted its search for or withheld any information responsive to plaintiffs' interrogatories on the basis of its general objections, other than as consistent with the Court's December 15, 2008 Memorandum and Order limiting discovery "solely and exclusively to the nine (9) specified transactions alleged in the complaint" and as consistent with defendants' position in their Response to Plaintiffs' Motion for Clarification that the relevant time period for discovery is from the date Providence Equity first considered the potential transaction to the closing date of the acquisition.

**Exhibit 4**

WEIL, GOTSHAL & MANGES LLP

J. Gerard Stranch, IV, Esq.
Michael G. Stewart, Esq.
August 7, 2009
Page 2

## II.   Interrogatories No. 1, 2, and 4

Providence Equity confirmed its position that Interrogatories No. 1, 2, and 4 are overly broad and unduly burdensome. Providence Equity confirmed that it does not maintain any client-management or customer-relations management tool to record contacts and communications of the type plaintiffs seek. To the extent this information is available in documents, plaintiffs are equally situated with Providence Equity to perform the task of marching through Providence Equity's document productions to compile any such information. For these reasons, Providence Equity stands on its prior responses to Interrogatories No. 1, 2 and 4.

## III.   "Undue Burden" and "Vagueness" – All Interrogatories

Providence Equity confirmed that it has not limited its responses to plaintiffs' interrogatories based on its objections to burden (except as indicated in response to Interrogatories No. 1, 2, and 4) or vagueness.

## IV.   Privileged Information – Interrogatory No. 6

Providence Equity confirmed that, with respect to Interrogatory No. 6, it has not conducted any internal inquiries or investigations concerning allegations or claims of anticompetitive conduct other than by counsel in response to the filing of the instant complaint and prior complaints containing similar allegations.

Sincerely,

Jeff L. White

cc:   Christopher M. Burke
      David W. Mitchell