## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
KIRK DAHL, ET AL., Individually and
on Behalf of All Others Similarly Situated,

                Plaintiffs

                v.                         CIVIL ACTION NO.:
                                        07-12388-EFH

BAIN CAPITAL PARTNERS, LLC, ET AL.,

                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

August 18, 2010

HARRINGTON, S.D.J.

The plaintiffs move to proceed to the second phase of discovery in accordance with this Court's December 15, 2008 Memorandum and Order (the "Order"), <u>Dahl v. Bain Capital Partners, LLC</u>, 589 F. Supp. 2d 112 (D. Mass. 2008). The plaintiffs bring their claim on behalf of a class, pursuant to § 1 of the Sherman Act, alleging a widespread conspiracy on the part the defendants, various financial firms,[1] to fix the prices paid in leveraged buyouts for companies ("Target Companies") of which plaintiffs were shareholders. The plaintiffs' Third Amended Complaint sets forth nine (9) leveraged buyout transactions with specificity, which the plaintiffs

---

[1] The Defendants in this matter are: Bain Capital Partners, LLC ("Bain"); The Blackstone Group ("Blackstone"); TC Group IC, L.P. ("Carlyle"); The Goldman Sachs Group, Inc., GS Capital Partners, L.P. (Collectively, "Goldman Sachs"); JP Morgan Chase & Co. ("JP Morgan"); Kohlberg Kravis Roberts & Company, L.P. ("KKR"); Providence Equity Partners, Inc. ("Providence"); Silver Lake Partners, L.P. ("Silver Lake"); TPG Capital, L.P. ("TPG"); and Thomas H, Lee Partners, L.P. ("Thomas H. Lee").

assert illustrate a broader conspiracy permeating transactions in the financial industry between 2003 and 2008.

While the complaint alleges a continuing conspiracy affecting an unknown number of leverage buyouts,[2] the Order limited the scope of discovery to only those transactions that were specifically pled.  See Dahl, 589 F. Supp. 2d at 119.  The Order allowed a first stage of discovery to be "directed solely and exclusively to the nine (9) specified transactions alleged in the complaint" and provided that "[a]t the conclusion of the first stage of discovery, the court shall determine whether further discovery as to additional transactions is warranted."  Id.  The Order further instructed that the "determination shall be based on whether or not the first stage of discovery raises sufficient evidence of collusion on the part of the [defendants]" and that "[i]f a second stage of discovery is warranted, the [plaintiffs] shall move to amend the complaint in order to add additional transactions and defendants."  Id.

Pursuant to the standard enunciated in the Order and based on the evidence developed in the first stage of discovery, the Court rules that a second stage of discovery is warranted as to eight (8) additional transactions.  For each additional transaction, the plaintiffs have provided evidence of collusion specific to the transaction that is sufficient to support an additional allegation.  Additional discovery is, therefore, allowed as to the following transactions: (1) Loews; (2) NXP (Philips Semiconductor); (3) Vivendi; (4) Community Health Systems (CHS); (5) Nalco; (6) Cablecom; (7) Susquehanna; and (8) Warner Music.

---

[2] "The [plaintiffs] represented in the November 13, 2008 motion hearing that this case could include up to, but no more than, 36 transactions."  Dahl v. Bain Capital Partners, LLC, 589 F. Supp. 2d 112, 114 n.2 (D. Mass. 2008).

With respect to the Loews and NXP (Philips Semiconductor) transactions, plaintiffs have provided evidence that tends to show that certain equity firms, which were unsuccessful in bidding on the Target Companies, were subsequently given ownership interests in the Target Companies. Plaintiffs are entitled to seek discovery to determine whether the inclusion of the losing bidders in the ownership of the Target Companies was motivated by an agreement to fix the prices of the Target Companies' securities. As to the remaining six (6) additional transactions, plaintiffs have provided evidence tending to show that certain firms sought to exchange favors and business opportunities with other firms. The plaintiffs are entitled to seek discovery to determine whether these exchanges were the product of an agreement to fix prices amongst competitors.

The Court rules that there is insufficient evidence of collusion to allow plaintiffs to seek discovery as to transactions beyond the additional eight (8) specified. The evidence garnered in the first phase of discovery does not warrant an unrestrained fishing expedition into all known and unknown transactions occurring between 2003 and 2008.[3]

The second phase of discovery shall be conducted <u>limited</u> to the aforesaid eight (8) newly added allegations and the defendants named with respect to those allegations which are to be set forth in an amended complaint. The plaintiffs shall move to amend the complaint to include the additional eight (8) transactions on or before thirty (30) days from the date of this order.

The defendants shall have fourteen (14) days from the filing of the complaint to file answers responding to the eight (8) newly added allegations. The parties shall agree upon a plan

---

[3] It is to be noted that this Memorandum and Order refers to a motion to proceed to the second phase of discovery relating to additional allegations and it is not a ruling on a motion for summary judgment which is determined under entirely different principles of law.

for the second stage of discovery and submit the discovery schedule to the Court on or before thirty (30) days from the filing of the answers.

The second stage of discovery shall be concluded within nine (9) months from the date of the filing of the answers.

Plaintiff's Motion to Proceed to the Second Phase of Discovery (Docket No. 295) is ALLOWED IN PART and DENIED IN PART.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge