# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KIRK DAHL, ET AL., Individually and
on Behalf of All Others Similarly Situated,

                Plaintiffs

        v.                                CIVIL ACTION NO.:
                                              07-12388-EFH

BAIN CAPITAL PARTNERS, LLC, ET AL.,

                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

September 7, 2011

HARRINGTON, S.D.J.

      This matter comes before the Court on Plaintiffs' Motion for Leave to Complete Fact

Discovery on the Remaining Deals and Amend the Complaint to Conform to the Evidence.

Plaintiffs' complaint alleges a massive antitrust conspiracy on the part of the Defendants with

respect to their involvement in an undetermined number of large leveraged-buyout transactions.

In an effort to focus Plaintiffs' claim, the Court initiated a two-phase discovery process,

allowing, in the first phase, discovery only on those transactions that were specifically pled and,

in the second phase, discovery on additional transactions for which the first phase had rendered

specific evidence of collusion. To date, the discovery process has been limited to seventeen (17)

transactions and the second phase is scheduled to conclude on October 17, 2011.[1]   The

Plaintiffs' instant motion, among other things, seeks to extend the discovery process by six (6)

months to allow discovery on an additional ten (10) transactions.

On August 18, 2010, this Court issued a Memorandum and Order (the "Order") ruling on

Plaintiffs' Motion to Proceed to the Second Phase of Discovery.  The Order denied the Plaintiffs'

request for general discovery affecting an undetermined number of transactions, but allowed

limited discovery on eight specific transactions which the Plaintiffs had identified in their

supporting memoranda as additional transactions relevant to their claim.   For those transactions,

the Court concluded that the first phase of discovery had revealed "evidence of collusion specific

to the transaction that [was] sufficient to support an additional allegation."  At the time of the

Plaintiffs' motion, sufficient evidence under this standard had also been garnered on the ten

transactions now at issue.[2]  Such transactions, however, were not specifically identified as

relevant additional transactions in the Plaintiffs' supporting memoranda, which focused primarily

on a request for general discovery.  In short, discovery as to the transactions now at issue would

have been allowed had the transactions been brought to the attention of the Court either in the

original supporting memoranda or in a promptly-filed motion for reconsideration.

Defendants contend that the Plaintiffs have failed to show good cause that would justify,

at this stage, a modification to the discovery schedule under Fed. R. Civ. P. 16(b).  Specifically,

the Defendants assert that the Plaintiffs have failed to act with diligence because the instant

---

[1] With the exception of Defendants Apollo and J.P. Morgan, the parties have reached an agreement in principle to conclude the second phase of discovery by October 17, 2011.

[2] The Defendants do not dispute that the evidence with respect to the transactions at issue is, in fact, clearly sufficient under the standard set forth in the Order.

motion could have been brought immediately after the Order was issued.  Defendants further

contend that the addition of the ten transactions would be unduly burdensome and prejudicial.

The Rule 16(b) good cause standard "focuses on the diligence (or lack thereof) of the

moving party . . . ."  Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).  "Regardless

of the context, the longer a plaintiff delays, the more likely the motion [extending discovery] will

be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a

sufficient reason for the court to withhold permission to [extend discovery]."  Id.  While

prejudice to the opposing party is not the dominant criterion under Rule 16(b), it remains

relevant.  O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004).  "Particularly

disfavored are motions . . . whose timing prejudices the opposing party by 'requiring a

re-opening of discovery with additional costs, a significant postponement of the trial, and a likely

major alteration in trial tactics and strategy .'"  Steir, 383 F.3d at 12 (citing Acosta-Mestre v.

Hilton Int'l of P.R., Inc., 156 F.3d 49, 52-53 (1st Cir.1998)) (ellipses in original omitted).

The Court concurs with the Defendants that the Plaintiffs could have been more diligent

in requesting further discovery on the transactions now at issue.  Nevertheless, the unique

circumstances of this case, with its phased and limited discovery process instituted for the benefit

of the Defendants, provides some justification for the Plaintiffs' delay.  First, it was not

decisively established that the second phase of discovery would be limited to certain transaction

until the Order was issued on August 18, 2010.  Second, the Order did not specifically preclude

or set a timetable for motions for further discovery.  Thus, while the Plaintiffs had the

information necessary to file the instant motion at the close of the first phase, they were

reasonable in avoiding potential multiple requests for further discovery by waiting to determine

whether phase two would yield new information.

Given the breadth of the allegations, the length of litigation, and the quantity of discovery taken to date, a six-month extension to conduct limited discovery is not unduly burdensome or prejudicial to the Defendants.  The ten transactions at issue were always a potential subject of discovery and the Plaintiffs made their intention to file a motion for further discovery known to the Defendants shortly after the Order was issued.  Discovery is still ongoing and no trial date has been set.  Had discovery on the ten transactions been allowed at the close of the first phase, a request at this time for an additional six months would have been reasonable.  While the Court has taken steps to prevent indiscriminately broad discovery on an undetermined number of transactions, a short delay in bringing the instant motion resulting in a short extension to the discovery process should not stand in the way of Plaintiffs' ability to garner the facts necessary to make their case.

Plaintiffs also move to file a Proposed Fifth Amended Complaint, which among other things, adds allegations relating to the ten transactions and changes the allegations relating to the class definitions.  Because the issue of whether or not to allow an amendment does not affect the Court's decision to allow further discovery, it need not be decided at this time.  Accordingly, the Motion to Amend is denied.  The Court shall entertain a renewed Motion to Amend at the close of discovery when the contours of the case are more clearly defined.

The Plaintiffs' Motion for Leave to Complete Fact Discovery on the Remaining Deals and Amend the Complaint to Conform to the Evidence (Docket No. 457) is ALLOWED-IN-PART and DENIED-IN-PART.  Plaintiffs' motion as to completing fact discovery is allowed. Plaintiffs may conduct document discovery on the ten new transactions set forth in the Proposed

Fifth Amended Complaint; provided, however, the scope of document discovery shall be limited as set forth on page 2 of Plaintiff's memorandum in support.  Plaintiffs shall be permitted to take up to thirty-five (35) depositions, the scope of which depositions shall be limited to the twenty-seven (27) transactions identified in the Proposed Fifth Amended Complaint.  Defendants shall be permitted up to ten (10) depositions.

Plaintiffs' motion as to amending the complaint is denied at this time.

The Court shall entertain a renewed motion to amend at the close of discovery.

The Court orders that discovery shall conclude on April 17, 2012.

The Court orders that there shall be no further discovery after April 17, 2012.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

5