## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRK DAHL, et al., | CIVIL ACTION NO.: 07-12388-EFH |
| Plaintiffs, | |
| v. | |
| BAIN CAPITAL PARTNERS LLC, et al., | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT

## I.   INTRODUCTION

On September 7, 2011, in response to Plaintiffs' motion to file a fifth amended Complaint, the Court ordered that Plaintiffs conduct additional discovery before the Court will entertain a renewed motion to amend. On May 24, 2012, the Court directed Plaintiffs to move to amend their Fourth Amended Class Action Complaint (the "Fourth Amended Complaint") on or before June 7, 2012. [Docket No. 576.] Having conducted additional discovery Plaintiffs hereby respectfully request leave to file their Fifth Amended Complaint[1] pursuant to the Court's May 24, 2012 Order and Federal Rule of Civil Procedure 15(a)(2).

## II.   PROPOSED AMENDMENT

Plaintiffs seek to amend their Complaint to:

---

[1] Plaintiffs' proposed Fifth Amended Class Action Complaint for Violations of the Federal Antitrust Laws (the "Fifth Amended Complaint") is attached as Exhibit A to the accompanying Motion For Leave to File a Fifth Amended Complaint ("Motion to Amend"). Plaintiffs' counsel have requested the Court's permission to file Exhibit A to the Motion to Amend under seal because it contains confidential information covered by the First Amended Stipulated Protective Order. [Docket No. 251.]

- add factual allegations that further amplify the conspiracy set forth in previous complaints, including regarding the ten transactions for which the Court permitted discovery in its September 7, 2011 Order;

- modify the class definitions to a class for the overarching conspiracy claim and a separate class for the HCA bid-rigging claim; and

- add Omaha Police and Fire Retirement System ("Omaha") as a class representative.

### A.    Plaintiffs' Amendment as to Factual Allegations.

The first stage of discovery in this action was limited to nine transactions. The Court's Order of August 18, 2010, which determined that Plaintiffs had uncovered sufficient evidence of collusion on the part of Defendants to warrant a second stage of discovery, identified eight additional transactions about which Plaintiffs could seek discovery. [Docket No. 352.] On September 17, 2010, Plaintiffs filed a Motion for Leave to File the Fourth Amended Complaint, which the Court granted on October 7, 2010. [Docket Nos. 357 and 360.] Plaintiffs filed their Fourth Amended Complaint on October 7, 2010. [Docket No. 361.] On July 11, 2011, Plaintiffs moved the Court for leave to complete fact discovery on an additional ten transactions and amend the complaint to conform to the evidence uncovered thus far. [Docket No. 458.] Then, on September 7, 2011 the Court granted Plaintiffs' Motion in part, once again finding that Plaintiffs had uncovered sufficient evidence to warrant additional discovery. As a result, Plaintiffs were permitted to complete discovery including on the ten additional transactions. The Court denied Plaintiffs' Motion to file its Proposed Fifth Amended Complaint at that time, instructing Plaintiffs to wait to file until discovery was completed to move for leave to amend. On May 24, 2012, the Court issued an Order directing Plaintiffs to move to file an amended complaint on or before June 7, 2012. [Docket No. 576.] Accordingly,

Plaintiffs' proposed Fifth Amended Complaint pleads additional facts concerning their claims learned during discovery.

### B.    Plaintiffs' Amendment of the Class Definition.

Plaintiffs seek to simplify the class definitions to more closely track the Overarching Conspiracy already sustained by this Court. *See* Docket No. 157. Based upon discovery conducted by Plaintiffs and applicable law, Plaintiffs seek recovery for Defendants' conduct in a single damages and injunctive relief class for the Overarching Conspiracy and in a separate damages class for the HCA bid-rigging claim. Plaintiffs also modify their class definitions to remove damages sub-classes. The revised class definitions do not enlarge or change the claims in the case. In fact, this Overarching Conspiracy class clarifies which specific deals Plaintiffs are seeking damages on behalf of themselves and the class. Thus, Plaintiffs define a class consisting of those persons harmed by the Overarching Conspiracy, which was upheld by the Court in its December 2008 Order denying Defendants' motions to dismiss. [Docket No. 157, at 1-2 ("Plaintiffs bring this action claiming that the defendants illegally colluded in their purchase of companies (the 'Target Companies') as part of leveraged buyouts ('LBOs'). The plaintiffs identify this illegal collusion as the 'Overarching Conspiracy.')"]

### C.    Plaintiffs' Amendment of Named Plaintiffs.

Plaintiffs seek to amend the named plaintiffs to include Plaintiff Omaha Police and Fire Retirement System. Omaha is a public pension fund organized under the laws of the State of Nebraska. Omaha owned shares in Healthcare Corporation of America (HCA) and tendered those shares to Defendants and/or their alleged co-conspirators in the HCA LBO. Omaha will be a class representative for both the damages class and the

injunctive relief class arising from the Overarching Conspiracy as well as an additional representative in the HCA class—itself a claim that Plaintiffs believe to exceed $1 billion before trebling. Omaha has no conflict, intends to represent the class throughout the litigation, and meets the requirements of the Federal Rules to serve as a class member. Because Omaha has been added at the end of discovery, Plaintiffs will agree that Defendants may take a Rule 30(b)(6) deposition of Omaha at a mutually-agreeable time and place and upon topics relevant to this action.

Amending a complaint to modify the named plaintiffs is not atypical in complex litigation. *See* 6 Charles Alan Wright et. al., *Federal Practice & Procedure* § 1474 (2010) ("a party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action"). "Nothing in the text of Rule 15, the advisory committee's notes, or any relevant case law, proscribes a plaintiff's right to add parties via a motion to amend." *Voilas v. GMC*, 173 F.R.D. 389, 393 (D.N.J. 1997). As such, "[c]ourts regularly allow parties to add . . . parties by amending a complaint under Rule 15." *Anna Claire Farms, Inc., et al. v. Bayer CropScience LP, et al. (In re Genetically Modified Rice Litig*.), Case Nos. 4:06MD1811 CDP, 4:09CV1590 CDP, 4:09CV1591 CDP, 2010 U.S. Dist. LEXIS 91724, at *82 (E.D. Mo. Sept. 2, 2010) (collecting cases). Specifically, "new plaintiffs may be added to an action under Rule 15(a)." *Vera v. Bush*, 980 F. Supp. 254, 255 (S.D. Tex. 1997); *see also Ray v. Bluehippo Funding, LLC*, No. C 06-01807 JSW, 2008 U.S. Dist. LEXIS 98339, at *6 (N.D. Cal. Nov. 25, 2008) (granting plaintiffs' Rule 15(a) motion to amend the class action complaint to add representative plaintiffs); *Gaines v. Anderson*, 421 F. Supp. 337, 339-40 n.1 (D. Mass. 1976) (allowing plaintiffs to amend the complaint to add additional plaintiffs). Here, Plaintiffs' addition of a class representative does not prejudice Defendants unduly, and such amendments are generally accepted by courts under Rule 15.[2]

---

[2] The Court has previously ordered that amendment of plaintiffs is proper under Rule 15. *See* Docket No. 407 ("The addition of Detroit and the PanAmSat damages sub-class did not constitute the addition of new

## III.  ARGUMENT

The Court's May 24, 2012 Order directed Plaintiffs to move for leave to file an amended complaint on or before June 7, 2012. [Docket No. 576.] Plaintiffs bring this motion pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that "leave [to amend] shall be freely given when justice so requires." The First Circuit recognizes that a liberal amendment policy underlies Rule 15. *See Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 25-26 (1st Cir. 2007). As such, the First Circuit has found a "definite bias" in favor of allowing amendments to pleadings. *Rodriguez v. Doral Mort. Corp.*, 57 F.3d 1168, 1178 n.11 (1st Cir. 1995).

While the decision to allow amendment is within the discretion of the trial court, this discretion is circumscribed by the liberal amendment policy recognized in this Circuit. *See Benitez-Allende, et al., v. Alcan Aluminio do Brasil, S.A., et al.*, 857 F.2d 26, 36 (1st Cir. 1988). Specifically, a trial court should not deny a Rule 15(a)(2) motion unless "there is a *substantial* reason to deny leave to amend." *Id*. (emphasis added). The First Circuit and its sister circuits recognize the following "substantial" reasons that may permit a denial of a Rule 15(a)(2) motion: "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009); *see also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).

These factors guiding a Circuit Court's analysis are derived from *Foman v. Davis*, 371 U.S. 178 (1962), where the Supreme Court outlined the liberal standards governing a motion made pursuant to Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a
> proper subject of relief, he ought to be afforded an opportunity to test his

---

plaintiffs, but rather acted to add claims of particular class members that were already parties to the suit. The claims of Detroit and the PanAmSat damages sub-class, therefore, need only comply with Rule 15(c)(1)(B).").

claim on the merits. In the absence of any apparent or declared reason -
such as undue delay, bad faith or dilatory motive on the part of the
movant, repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party by virtue of allowance of
the amendment, futility of amendment, etc. – the leave sought should, as
the rules require, be "freely given."

*Foman*, 371 U.S. at 182. Defendants cannot demonstrate—as is their burden to do so—

that any of the factors weighing against allowing amendment are present here.

### A. The Liberal Amendment Policy of Rule 15, Rather Than the "Good Cause" Standard of Rule 16, Applies to the Instant Motion.

The First Circuit recognizes that once a Rule 16 scheduling order is in place, the

standard governing the Court's analysis of a motion to amend may be heightened to the

"good cause" standard of Rule 16(b). However, this heightened standard only applies to

motions filed after scheduling order deadlines. *See O'Connell v. Hyatt Hotels*, 357 F.3d

152, 154 (1st Cir. 2004). The Court's May 24, 2012 Order set a deadline of June 7, 2012 for

Plaintiffs to file their amended complaint. Because this Motion is brought pursuant to

that deadline, the more liberal standard of Rule 15 applies to Plaintiffs' Motion.

Even if the Court determines that the Rule 16 standard applies to Plaintiffs'

Motion, Plaintiffs satisfy the good cause standard. In its Order of September 7, 2011

(Docket No. 576) the Court found good cause to expand discovery to an additional ten

transactions based on the evidence uncovered to that point in discovery. The evidence

Plaintiffs have discovered in these ten transactions, pursuant to the Court's phased

discovery scheduling, as set forth in the proposed Fifth Amended Complaint, easily

satisfies the good cause standard as articulated under Rule 16.

### B. There Is No Bad Faith or Undue Prejudice Attributable to the Proposed Amendment.

Analysis under Rule 15(a)(2) focuses primarily on the bad or good faith of the

party making the motion and any prejudice caused to the opposing party. *See O'Connell*,

357 F.3d at 155. Defendants carry the burden of showing such bad faith or prejudice, and this burden has not—and cannot—be satisfied here. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The proposed Fifth Amended Complaint is being offered in good faith. Plaintiffs previously sought leave to amend in July 2011. At the direction of the Court, the Plaintiffs conducted additional discovery before renewing this Motion.

Additionally, this Amendment is not unduly prejudicial. The Court ruled that additional discovery regarding these ten transactions would not be prejudicial to Defendants. [Docket No. 486.] And the Court informed Defendants that it would entertain a renewed Motion to Amend after the close of that discovery. *See id.* Because the Fifth Amended Complaint only seeks to include factual allegations uncovered during this discovery period and to clarify Plaintiffs' class definitions, the Defendants are not prejudiced in any way.

Defendants have been on notice that Plaintiffs would seek to add these deals to an amended complaint since September 7, 2011. *See id.* Therefore, this is not a case where allowing leave to amend would "incentivize deception." *United States ex rel. Poteet v. Bahler Med., Inc.*, 619 F.3d 104, 116 (1st Cir. 2010). Rather, granting Plaintiffs' Rule 15(a)(2) motion will honor the reasonable expectations of the parties.

## C.     Plaintiffs' Amendment is Timely.

Plaintiffs did not delay in seeking to make this amendment. Rule 15(a) motions "should be made as soon as the necessity for altering the pleading becomes apparent." 6 Wright, *supra*, at § 1488 (2010). In fact, Plaintiffs initially sought to amend the complaint on July 11, 2011. The Court denied Plaintiffs' Motion to Amend the Complaint at that time and ordered Plaintiffs to file their amended complaint at the close of discovery. *See* Docket No. 486. In its Order of May 24, 2012, the Court ordered Plaintiffs to move to

amend its complaint on or before June 7, 2012. Plaintiffs are timely complying with these Orders.

Even if the passage of time were construed as delay, it was neither intended to harass nor does it unduly prejudice Defendants. *See Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000). Any delay under these circumstances is not "undue." *Applera Corp. v. Mich. Diagnostics, LLC*, 594 F. Supp. 2d 150, 155 (D. Mass. 2009). Moreover, from a procedural standpoint, this amendment comes before summary judgment briefing. Defendants cannot claim that this schedule for amendments of the pleadings has prejudiced their ability to mount a defense.

### D.      The Proposed Amendment is Not Futile.

"A proposed amendment is futile if it serves no legitimate purpose or is without legal merit." *Savoy v. White*, 139 F.R.D. 265, 267 (D. Mass. 1991). If an amendment is sought "before discovery is complete and neither party has moved for summary judgment," futility is gauged by the liberal criteria of 12(b)(6). *Hatch v. Dept. for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001); *see also Crowl v. M. Chin Realty Trust*, 607 F. Supp. 2d 245, 246 (D. Mass. 2009) ("When sought before the close of discovery, amendment is deemed futile when the proposed amendment would fail to withstand a motion to dismiss pursuant to Fed. R. Civ. P. l2(b)(6)."). In other words, a proposed amendment "must establish a plausible entitlement to relief." *Shah v. Holloway*, Case No. 07-10352-DPW, 2009 U.S. Dist. LEXIS 78523, at *6 (D. Mass. Aug. 20, 2009) (internal quotations omitted).

Plaintiffs' amendment does not purport to establish an additional claim for relief, but rather seeks to bolster a claim advanced in previous complaints. As such, this is not a situation where an amendment "allege[s] no new facts or arguments to suggest that an amendment would have strengthened [the] case in the slightest." *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 191 (1st Cir. 2006) (holding that the district court did not abuse its

discretion in denying a motion for leave to amend). Here, Plaintiffs' proposed Fifth Amended Complaint adds factual allegations that further detail the conspiracy set forth in previous complaints, including regarding the ten transactions for which the Court permitted discovery in its September 7, 2011 Order, and thereby strengthens Plaintiffs' already well-supported claims.

Indeed, Plaintiffs' Section 1 allegations have already withstood multiple motions to dismiss. As such, the proposed amendment bolsters a legal remedy previously recognized by this Court as sufficient to overcome a Rule 12(b)(6) motion, and is therefore not futile.

The heightened standard for judging futility set forth in *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994), which requires that proposed amendments have substantial merit and be "supported by substantial and convincing evidence," does not apply here. *Gold* applies "where the motion to amend is made after a defendant has moved for summary judgment." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (emphasis in original omitted). While defendant JP Morgan Chase & Co. has filed a motion for summary judgment, this Court stayed consideration of that motion until after discovery has been completed. *See* July 13, 2010 Order [Docket No. 325.] In that regard, this case is analogous to *Glassman*, in which the court ruled that the *Gold* standard did not apply where there was no summary judgment motion pending. *Glassman*, 90 F.3d at 623. Similarly, there is no pending summary judgment motion in this case—it properly has been deferred until the end of discovery.

Even if the Court applies the heightened *Gold* standard, however, Plaintiffs satisfy that standard. Here, Plaintiffs' proposed amendments have substantial merit— they are the result of the Court's deliberate, phased discovery process—and are supported by the "substantial and convincing evidence" that the most recent phase of discovery has uncovered, as set forth in the proposed Fifth Amended Complaint. Accordingly, Plaintiffs' amendments satisfy the heightened standard.

### E.        The Court Has Not Found Deficiencies in Previous Amendments.

*Foman* allows for the denial of a proposed amendment where there have been repeated failures to address deficiencies in previous complaints. 371 U.S. at 182. Here, however, there have been four previous amendments, but none addressing deficiencies found by the Court. Rather, each of the previous amendments simply sought to add parties, consolidate cases, or add additional deals in light of the measured discovery process, and as such advanced the cause of efficiency. The proposed Fifth Amended Complaint likewise does not seek to address any structural deficiencies; indeed, the Court already ruled that the previous complaint met the pleading requirements of Rule 8(a). [Docket No. 157 at 10.]

Finally, in the context of complex, class litigation, a fifth amended complaint is not unusual. Courts in the First Circuit have regularly allowed multiple amendments in complex cases such as this one. *See, e.g., Correa-Ruiz v. Fortuno*, 573 F.3d 1, 12 at n. 16 (1st Cir. 2009) (mention of eighth amended complaint); *Abeloff v. Barth*, 119 F.R.D. 332, 334 (D. Mass. 1988) (court indicating that a sixth amended complaint to cure deficiency in fifth would be acceptable).

### F.        Denying Plaintiffs' Motion for Leave to Amend Would Unduly Prejudice Plaintiffs.

To deny Plaintiffs the opportunity to amend their Complaint to conform to the evidence discovered to-date would cause undue prejudice. The First Circuit and other courts, including the District of Massachusetts, have held that failure to timely amend precludes a party from later asserting claims. *See, e.g., Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 17 (1st Cir. 2003); *Mogel v. UNUM Life Ins. Co. of Am.*, 677 F. Supp. 2d 362, 365 (D. Mass. 2009) (quoting *Acri v. Int'l Assoc. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)); *Carver v. Condie (In re Cnty. of LaSalle)*, 169 F.3d 469, 472 (7th Cir. 1999). This is an especially important consideration here, as Plaintiffs'

earlier Motion to Amend was denied and the Court requested the Motion be brought at a later date. *See* Docket No. 486 at 5 (denying Plaintiffs' Motion to Amend "at this time" and holding that the Court "shall entertain a renewed motion to amend at the close of discovery.") A denial would prevent Plaintiffs from using the evidence recently uncovered to fully articulate and support their claims.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully seek leave to file the proposed Fifth Amended Class Action Complaint for Violations of the Federal Antitrust Laws.

Dated: June 7, 2012                     Respectfully submitted,

SCOTT+SCOTT LLP

/s/ Walter W. Noss
CHRISTOPHER M. BURKE
      (admitted *pro hac vice*)
WALTER W. NOSS (admitted *pro hac vice*)
KRISTEN M. ANDERSON (admitted *pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/233-4565

SCOTT+SCOTT LLP
DAVID R. SCOTT (admitted *pro hac vice*)
156 South Main Street
Colchester, CT 06415
Telephone: 860/537-5537

ROBBINS GELLER RUDMAN
      & DOWD LLP
PATRICK 1. COUGHLIN (Of Counsel)
SUSAN G. TAYLOR (admitted *pro hac vice*)
DAVID W. MITCHELL (admitted *pro hac vice*)
PHONG L. TRAN (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

LISA A. FURNALD (BBO #631059)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 Boylston Street, 25th Floor
Boston, MA 02199
Telephone: (617) 267-2300
(617) 267-8288 (fax)
lafurnald@rkmc.com

RICHARD LOCKRIDGE
   (admitted *pro hac vice*)
CHARLES N. NAUEN
   (admitted *pro hac vice*)
KAREN H. RIEBEL
   (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com

CHRISTOPHER M. BURKE
   (admitted *pro hac vice*)
WALTER W. NOSS
   (admitted *pro hac vice*)
KRISTEN M. ANDERSON
   (admitted *pro hac vice*)
**SCOTT + SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
(619) 233-0508 (fax)

DAVID R. SCOTT
   (admitted *pro hac vice*)
**SCOTT + SCOTT LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
(860) 537-4432 (fax)

TYLER W. HUDSON
  (admitted *pro hac vice*)
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1177

J. GERARD STRANCH, IV
  (admitted *pro hac vice*)
**BRANSTETTER, STRANCH**
  **& JENNINGS, PLLC**
227 Second Avenue North, 4th Floor
Nashville, TN 37201
Telephone: (615) 254-8801
JACK LANDSKRONER
  (admitted *pro hac vice*)
PAUL GRIECO
  (admitted *pro hac vice*)
**LANDSKRONER GRIECO**
  **MADDEN, LLC**
1360 West 9th Street, Suite 200
Cleveland, OH 44113

MARK REINHARDT
  (admitted *pro hac vice*)
ROBERTA A. YARD
  (admitted *pro hac vice*)
**REINHARDT WENDORF**
  **& BLANCHFIELD**
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Telephone: (651) 287-2100

BRIAN J. ROBBINS
  (admitted *pro hac vice*)
GEORGE AGUILAR
  (admitted *pro hac vice*)
**ROBBINS UMEDA LLP**
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (612)525-3990

DAVID W. MITCHELL
  (admitted *pro hac vice*)
SUSAN G. TAYLOR
  (admitted *pro hac vice*)
PHONG L. TRAN
  (admitted *pro hac vice*)
PATRICK COUGHLIN
  (admitted *pro hac vice*)
**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619)231-1058

BRIAN P. MURRAY (Of Counsel)
**MURRAY, FRANK & SAILER LLP**
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: (212)682-1818

DENNIS STEWART (Of Counsel)
**HULETT HARPER STEWART, LLP**
525 B Street, Suite 760
San Diego, CA 92101
Telephone: (619)338-1133

JAYNE A. GOLDSTEIN
  (admitted *pro hac vice*)
**SHEPHERD, FINKELMAN MILLER**
  **& SHAH, LLP**
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: (816)701-1177

NADEEM FARUQUI (Of Counsel)
**FARUQUI & FARUQUI, LLP**
369 Lexington Avenue, 10th Fl.
New York, New York 10017
Telephone: (212)983-9330

**Certificate of Service**

I, Walter W. Noss, hereby certify that on June 7, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted in the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 7, 2012                           /s/ Walter W. Noss

                                              Walter W. Noss

83137020.1