UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
KIRK DAHL, ET AL., Individually and
on Behalf of All Others Similarly Situated,

                Plaintiffs

              v.                                    CIVIL ACTION NO.:
                                       07-12388-EFH

BAIN CAPITAL PARTNERS, LLC, ET AL.,

                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

July 18, 2012

HARRINGTON, S.D.J.

      This matter comes before the Court on the Defendants' Motion to Dismiss Settled and Released Claims and Time-Barred Claims from the Fifth Amended Complaint. The Court allows-in-part and denies-in-part the Defendants' motion.

      *Releases.* After a review of the memoranda of the parties and releases submitted in connection with this motion, the Court orders certain Defendants to be released from all claims arising from or related to certain specified transactions alleged in the Fifth Amended Complaint, as follows:

      As to the Alltel transaction, the released Defendants are Goldman Sachs, JPMorgan, and TPG.

      As to the Biomet transaction, the released Defendants are Blackstone, Goldman Sachs,

JPMorgan, KKR, and TPG.

As to the Harrah's transaction, the released Defendants are Apollo, Blackstone, Goldman Sachs, JPMorgan, and TPG.

As to the Sabre transaction, the released Defendants are Silver Lake, TPG and Goldman Sachs.

As to the TXU transaction, the released Defendants are Goldman Sachs, JPMorgan, KKR and TPG.

Notwithstanding these releases, these five (5) transactions remain at issue in this case as evidence of the overarching conspiracy as they relate to the non-released Defendants. The Defendants' motion, with respect to the issue of the releases is, therefore, allowed.

*Statute of Limitations.* Plaintiffs' Fifth Amended Complaint contains an altered class definition specifying as part of an "Overarching Conspiracy Class" stockholders who sold stocks in connection with the (1) Clear Channel, (2) Education Management, (3) Sabre, (4) Toys "R" Us, and (5) Univision transactions. Four of the five transactions were only briefly mentioned in the earlier-filed Fourth Amended Complaint and none were mentioned in prior complaints.

Defendants assert that the alteration of the class allegations to include these transactions constitutes the addition of new claims which are barred by the Sherman Act's four-year limitations period. See 15 U.S.C. § 15b. Plaintiffs, on the other hand, contend that the inclusion of these transactions in the class definition does not constitute the addition of new claims and that, if such an alteration did constitute the addition of new claims, such claims relate back to the timely-filed earlier complaints pursuant Fed. R. Civ. P. 15(c)(1)(B).

In a prior decision, this Court held that an amendment to the complaint altering the class

allegation and adding an additional claim with respect to the PanAmSat transaction related back to an earlier-filed complaint under Fed. R. Civ. P. 15(c)(1)(B). Dahl v. Bain Capital Partners, LLC, 760 F.Supp.2d 196, 199-200 (D.Mass.2011). In explaining its holding, this Court reasoned that the PanAmSat transaction was always a transaction contained in the Plaintiffs' alleged overarching conspiracy to suppress competition for large leverage buyout transactions. See id. at 200 ("The PanAmSat deal was specifically identified in the SAC as one of the illegal leverage buyouts"). This Court concluded that under Rule 15(c)(1)(B), the amendment properly "arose out of the same conduct, transaction, or occurrence contained in the [earlier-filed complaint]." Id.

The Court applies the same principle to the present amendment. The earlier-filed complaints set forth an overarching conspiracy to fix the price of a number of leveraged buyout transactions greater than $2.5 billion. While the earlier-filed complaints included specific factual allegations regarding certain transactions known to the Plaintiffs at the time of filing, those transactions were only meant to be indicative of the alleged overarching conspiracy and not an exhaustive list of transactions claimed to be a part of the conspiracy. See Dahl v. Bain Capital Partners, LLC, 589 F.Supp.2d 112, 114 (D.Mass.2008) ("The Shareholders' claim of conspiracy is quite expansive; this suit includes all LBOs involving the PE Firms that totaled more than $2.5 billion and occurred between 2003 and 2008."). The claim itself is worded generally and the Court, in an effort to make discovery manageable, instituted a phased discovery process with the intention that an amendment would be allowed if specific evidence of collusion was garnered about additional transactions relative to the claim. See id. at 119 ("At the conclusion of the first stage of discovery, the court shall determine whether further discovery as to additional transactions is warranted. . . . If a second stage of discovery is warranted, the Shareholders shall

3

move to amend the complaint in order to add additional transactions and defendants.").

While the five transactions, unlike the PanAmSat transaction, were not specifically set forth in the earlier complaints, Defendants had notice that the claim included an undetermined number of leveraged buyout transactions greater than $2.5 billion over a finite period of time and that additional transactions would be identified as discovery yielded evidence of collusion. Id. at 114 n.2 ("The Shareholders represented in the November 13, 2008 motion hearing that this case could include up to, but no more than, 36 transactions."). The five transactions at issue are alleged to be such transactions over $2.5 billion occurring during the alleged conspiratorial period and were identified as part of the claim when discovery yielded specific evidence of collusion. An amendment to add the five transaction to the class allegation does not, therefore, alter the substance of the original claim. Even if the amendment did, however, alter the substance of the original claim, the new claim would arise out of the conduct attempted to be set forth in the timely-filed earlier complaints.

The amendment in this case is different from the amendment in Moniz v. Bayer A.G., 447 F.Supp.2d 31 (D.Mass.2006), which is cited by the Defendants for support. In Moniz, the plaintiff's earlier-filed complaint never "even hinted that any of the Defendants was accountable for an alleged price-fixing conspiracy concerning [the product added to the complaint]" and, therefore, added a novel claim to the existing case. Id. at 38. Here, the defendants had notice that the allegations made in the timely-filed earlier complaints encompassed additional transactions.

The amendment with respect to the class allegation for the above-stated five transactions, therefore, complies with Rule 15(c)(1)(B) and relates back to the earlier-filed complaints. The

Defendants' motion, with respect to the issue of statute of limitations is, therefore, denied.

Defendants' Motion to Dismiss Settled and Released Claims and Time-Barred Claims from the Fifth Amended Complaint (Docket No. 595) is, hereby, ALLOWED-IN-PART and DENIED-IN-PART.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge