**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

* * * * * * * * * * * * * * * * * * * * * * * * * * *

KIRK DAHL, ET AL., Individually and
on Behalf of All Others Similarly Situated,

Plaintiffs

v.

CIVIL ACTION NO.:
07-12388-EFH

BAIN CAPITAL PARTNERS, LLC, ET AL.,

Defendants.

* * * * * * * * * * * * * * * * * * * * * * * * * * *

# MEMORANDUM AND ORDER

September 14, 2012

HARRINGTON, S.D.J.

Proposed intervenor, the New York Times Company moves to intervene in this case pursuant to Fed. R. Civ. P. 24(b), and to unseal the Fifth Amended Complaint and its associated exhibits. On July 30, 2009, the Court entered a First Amended Stipulated Protective Order to govern discovery in this case. The Protective Order permits any party or non-party to designate discovery material or information as “confidential” or “highly confidential,” to be used only for the purpose of the litigation, and imposes detailed restrictions on the parties’ disclosure of such material. Following the close of discovery, on June 12, 2012, the Court granted a motion to file a Fifth Amended Complaint (the “Complaint”) under seal pursuant to the protective order. The Complaint was then filed on June 14, 2012. The Complaint incorporates information garnered during discovery and includes citations to various discovery documents, which were not

themselves filed with the Court. The Complaint did not include any exhibits. On September 10, 2012, the Defendants filed a redacted version of the Complaint in connection with their opposition to the present motion.

The New York Times Company seeks to intervene for the limited purpose of challenging the sealing of the Complaint under the common law and First Amendment presumption of public access.[1] The Defendants contest the motion to unseal, arguing that the presumption of public access is not applicable to the material contained and referred to in the Complaint. The Defendants alternatively argue that the presumption is outweighed by their private interests in retaining confidentiality.

There is a well-established common-law presumption of public access to judicial documents. See Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987). The presumption of access exists in part to allow the public to serve its essential function of monitoring the judiciary, fostering "the important values of quality, honesty and respect for our legal system." Siedle v. Putnam Invs., Inc., 147 F.3d 7, 9-10 (1st Cir. 1998) (internal quotations omitted). While the access right is "not unfettered," id. at 10, "[t]he citizens' right to know is not lightly to be deflected," and "'[o]nly the most compelling reasons can jusitify non-disclosure of judicial records.'" Standard, 830 F.2d at 410 (quoting In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983)). "The mere fact that judicial records may reveal

[1] A third party seeking to challenge the sealing of a court document in a civil case may move to intervene for that limited purpose pursuant to Fed. R. Civ. P. 24(b). See Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 783 (1st Cir. 1988). Neither party contests The New York Times Company's Motion to Intervene. Accordingly, the Motion to Intervene is allowed.

potentially embarrassing information is not in itself sufficient reason to block public access." Siedle, 147 F.3d at 10.

Where the presumption of access applies, the Court must "weigh the presumptively paramount right of the public to know against the competing private interest at stake." Standard, 830 F.2d at 410. Such balancing must take place "in light of the relevant facts and circumstance of the particular case." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978). The burden of persuasion rests with "those seeking to keep the datum hidden from view," not with the party seeking access. Standard, 830 F.2d at 411.

The presumption of access "extends, in the first instance, to 'materials on which a court relies in determining the litigants' substantive rights.'" Standard, 830 F.2d at 408 (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir. 1986)). While the presumption does not apply to discovery material, it is applicable to civil complaints. See Siedle, 147 F.3d at 7, 9-10 (applying the presumption to a complaint); Anderson, 805 F.2d at 13 (declining to extend presumption to discovery material).

The Defendants contend that the documents cited in the Complaint are not exhibits to the Complaint but rather discovery material that is not subject to the common law and First Amendment presumptive right of access. The documents cited in the Complaint were not filed with the Court as exhibits to the Complaint and were not considered by the Court in ruling on any Complaint-related motion. The citations to these documents contained in the Complaint are merely superfluous. The Court, therefore, concludes that the documents to which the citations refer are neither relevant to the instant motion, which requests the unsealing of the Complaint's exhibits, nor subject to the presumption of public access.

The Defendants next contend that certain information contained in the text of the Complaint, which was reportedly garnered during discovery should likewise be exempt from the application of the presumption of access because such information can be characterized as discovery material. The Court disagrees. The rule is plain: allegations in a complaint are subject to the presumption of public access. See Siedle, 147 F.3d at 7, 9-10; Standard Fin. Mgt., 830 F.2d at 408 ("relevant documents, which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies"). Accordingly, the Court shall weigh any private interests against the presumption of access in determining whether the redacted text of the Complaint shall remain sealed.

The Defendants assert that their private business interests outweigh the presumption of public access. Specifically, they argue that the disclosure of certain information in the Complaint would negatively affect their business operations. The Defendants direct the Court to various paragraphs of the Complaint which they assert contain such allegedly critical business information as (1) "[t]he identity of investors in defendant funds"; (2) "[v]aluations of acquisition companies and methods, and internal rates of return on investments"; (3) "business, investment, and bidding strategies"; (4) "[p]otential investment opportunities"; (5) "[d]etails regarding negotiation with targets"; and (6) "[t]he investment breakdown of particular defendant funds by portfolio company"; and (7) "business plans for portfolio companies." Defendants assert that allowing this information to be disclosed would hinder their ability to identify and attract fund investors, execute leverage buyouts, and run portfolio companies. They further assert that the information, if disclosed, could be used by competitors "to copy critical aspects of the defendants' business,

which defendants have spent significant time and money developing and refining."

Various courts have determined that similar business information affecting such business interests is at least relevant to matters of confidentiality. See, e.g., Blanchard & Co., Inc. v. Barrick Gold Corp., No. 02-3721, 2004 WL 737485, at *10 (E.D.La. Apr. 5, 2004) ("[A]mple precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information . . . .") (internal citation omitted); Bank of New York & JCPL Leasing Corp., v. Meriden Biao Bank Tanzania Ltd., 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (noting the "broad spectrum of internal corporate documents that courts regularly hold to be confidential business information"); In re NASDAQ Market-Makers Antitrust Litig., 164 F.R.D. 346, 355 (S.D.N.Y. 1996) ("The courts have long recognized the protection of trade secrets as an important interest underlying confidentiality."). The interests set forth by the Defendants must, therefore, be considered if present. Siedle, 147 F.3d at 10 (the district court may abuse its discretion by ignoring material factors in its analysis).

The Court, however, is unable to balance those interests on the current record. While the Complaint appears to contain information related to relevant business interests, the Defendants have failed to explain how the particular information that they have redacted causes specific and severe harm. It is further unclear to the Court whether the redactions are narrowly tailored to addressing that harm. The Defendants at this time have only supported their position with general assertions of harm, which are insufficient to overcome a presumption of public access. See Standard, 830 F.2d at 412 (To overcome the presumption, an appellant must give "a particular factual demonstration of potential harm") (quoting Anderson, 805 F.3d at 7).

Nevertheless, the Court will give the Defendants an opportunity to demonstrate with

greater particularity how their asserted interests may overcome the presumption of public access and to file, if they so desire, a second redacted version of the Fifth Amended Complaint in accordance with this Memorandum and Order. The Court at that time shall determine whether the Complaint shall be unsealed in its entirety or whether the final redacted version shall stand. The Court, however, shall not approve a filing where pages of the Complaint are redacted with insufficient explanation or solely because they contain quoted material from documents garnered during discovery. The Defendants should furthermore not use this opportunity to shield blocks of information solely because some of the information tangentially touches on a legitimate business interest. Any redactions should be limited and narrowly tailored to preventing the specific harm to their asserted interests.

Accordingly, the Defendants should file, within twenty-one (21) days of this Memorandum and Order, a redacted Fifth Amended Complaint and a memorandum setting forth (1) how the specific redacted material is important to their interests; (2) the specific harm that will result if such material is disclosed; (3) any case law where such interests were deemed to be considerations in the analysis; and (4) how the redaction has been limited to address the harm to those interests while maintaining extensive public access. The Defendants may file their memorandum under seal. The Plaintiffs and the New York Times Company may reply within twenty-one (21) days of the Defendants' filing.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge