# Exhibit A

| Paragraph | Redacted Text | Explanation | Supporting Case Law |
|---|---|---|---|
| 101 | ████████████████ | Defendants compete vigorously for investors, and this allegation reveals the identity of one of Bain Capital's limited partner investors. Maintaining the confidentiality of past investors is critical to achieving a competitive edge in raising capital. If disclosed, other defendants and third party private equity firms could use this information against Bain Capital in fund-raising in the future. This redaction is narrowly tailored to hide the identity of Bain Capital's investor. | *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) ("wholesale publication of motion papers is not required if the papers quote from or contain references to confidential information."); *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) (same); *Blanchard & Co. v. Barrick Gold Corp.*, 2004 WL 737485, at *10 (E.D. La. Apr. 5, 2004) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information…")<br><br>*In re Northstar Energy, Inc.*, 315 B.R. 425, 429-30 (E.D. Tex. 2004) (granting a protective order to protect a company's list of investors because "investor procurement functions are crucial to its business plan" and disclosure would "severly jeopardize[]" investor procure and "expose the heart and soul of the commercial oeprations") |
| 240 | For example, Blackstone reported that it had received a gross annual return rate of ███ on its investment in Texas Genco. [*The proposed redaction is in bold & red.*] | The calculation of Blackstone's gross annual return for the Texas Genco transaction (the redacted text) is based upon Blackstone's confidential, proprietary internal projections, which themselves are based upon Blackstone's proprietary and competitively sensitive models or internal rate of return calculations. Disclosure of this confidential and competitively sensitive information might allow competitors to reverse engineer Blackstone's proprietary investment calculations which could, in turn, affect Blackstone's fundraising efforts. | *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) ("wholesale publication of motion papers is not required if the papers quote from or contain references to confidential information."); *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) (same); *Blanchard & Co. v. Barrick Gold Corp.*, 2004 WL 737485, at *10 (E.D. La. Apr. 5, 2004) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information…")<br><br>*In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 355 (S.D.N.Y. 1996) ("The courts have long recognized the protection of trade secrets as an important interest underlying confidentiality.")<br><br>*Insurance Distributors Int'l v. Edgewater*, 2010 WL 3064003 at *2 (holding that testimony showing movants' specific investment amount or value should remain sealed, though testimony containing general references to movants' wealth should not) |
| 327 | Blackstone internally projected a purchase price of ███ per share or ███ per share higher than the ultimate sale price for the company. [*The proposed redactions are in bold & red.*] | Blackstone calculated a potential purchase price for this deal (the redacted text) based upon confidential, proprietary internal projections or estimates which themselves are based upon Blackstone's proprietary and competitively sensitive valuation models or internal rate of return calculations. | *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) ("wholesale publication of motion papers is not required if the papers quote from or contain references to confidential information."); *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) (same); *Blanchard & Co. v. Barrick Gold Corp.*, 2004 WL 737485, at *10 (E.D. La. Apr. 5, 2004) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information…")<br><br>*In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 355 (S.D.N.Y. 1996) ("The courts have long recognized the protection of trade secrets as an important interest underlying confidentiality.")<br><br>*Insurance Distributors Int'l v. Edgewater*, 2010 WL 3064003 at *2 (holding that testimony showing movants' specific investment amount or value should remain sealed) |

| Paragraph | Redacted Text | Explanation | Supporting Case Law |
|---|---|---|---|
| 407 | "On July 31, 2005, Mark Nunnelly at Bain emailed Alex Navab at KKR, and stated, in clear reference to the dutch management of Philips, 'Understand from our team that you mant want comfort on where we are with crazy dutch…we are there as represented…call if you want to chat ▮▮▮▮▮▮▮▮ ' That same evening, Michael Plantevin at Bain emailed another Bain executive stating 'Got a call from our friend looking to [for a] formal agreement from us (Call between senior partner) that we (Bain and Apex) would be in their deal   need to have it tonight as looking/nees to have their final bid in tomorrow but [sic] noon CET/6am EST "  [*The proposed redaction is in bold & red.* ] | This redaction obscures from public view the confidential phone number of a Bain Capital Managing Director   There is no reason to disclose that number to the public and risk that the managing director might be harrassed | *Nixon v. Warner Comm'ns, Inc.,*  435 U S  589, 598 (1978) ("wholesale publication of motion papers is not required if the papers quote from or contain references to confidential information "); *Siedle v. Putnam Inv., Inc.,*  147 F 3d 7, 10 (1st Cir  1998) (same); *Blanchard & Co. v. Barrick Gold Corp.,*  2004 WL 737485, at *10 (E D  La  Apr  5, 2004) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information… ")<br><br>*Bible v. Rio Prop., Inc.* , 246 F R D  614, 620 (C D  Cal  2007) (permitting defendant to redact personal information, "such as address, date of bith, telephone number, and the like" in order to "protect the rights of third parties") |