# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

K. Craig Wildfang
KCWildfang@rkmc.com
612-349-8554

*Via FedEx*

January 8, 2013

The Honorable Edward F. Harrington
United States District Court for the
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 6130
Boston, Massachusetts 02201

 Re: *Dahl et al. v. Bain Capital Partners, LLC, et al.*, 07-cv-12388-EFH

Dear Judge Harrington:

 In connection with issues raised during oral argument on December 18-19, 2012, Plaintiffs submit the attached cases in response to the questions the Court presented in its October 15, 2012 Order. Plaintiffs' cases, listed below, make clear that, even if the Court narrows the present case as to defendants or deals, the case can continue past summary judgment.

 ***Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.***, 998 F.2d 1224, 1233 (3d Cir. 1993): In a Sherman Act class action, the Court held that, when viewing plaintiffs' evidence in the summary judgment context, the evidence "reveals that while a reasonable jury could conclude that [two defendants]. . .acted in concert, it could not find that [the third defendant]. . .took part in this conspiracy."

 ***In re Sulfuric Acid Antitrust Litig.***, 743 F. Supp. 2d 827, 857-864 (N.D. Ill. 2007): The court denied summary judgment for all but *one* defendant, due to the existence of genuine issues of material fact with respect to those *other* defendants' involvement in the alleged conspiracy.

 ***In re Linerboard Antitrust Litig.***, 504 F. Supp. 2d 38, 38-42 (E.D. Pa. 2007): The district court granted partial summary judgment, but denied defendants' motions "with respect to the sufficiency of the plaintiffs' evidence of conspiracy." The court found that there was sufficient evidence of a conspiracy to preclude granting defendants' motions in their entirety.

*United States v. Miller*, 471 U.S. 130, 144 (1985): The Supreme Court held that, under the Fifth Amendment's Presentment Clause, which guarantees a defendant's right to be free from trial for an offense other than that alleged in the grand jury's indictment, such guarantee is not violated when a defendant is tried with an indictment that alleges a certain fraudulent scheme, but is convicted based on evidence at trial that supports a significantly *narrower* and more limited fraudulent scheme.

*United States v. Mubayyid*, 658 F.3d 35, 48-50 (1st Cir. 2011): The Court found that the Fifth Amendment is not violated when the government's variance of proof at trial adds nothing new to the grand jury's indictment, but rather proves a *narrower*, but also included, scheme. *Id.* at 49-50. There, the government charged defendants with a single agreement to obtain and maintain tax-exempt status for a charity they formed related to their illegal activities. *Id.* at 40. Following a guilty jury verdict, the lower court acquitted defendants of the conspiracy charge, finding that the conspiracy the government proved was narrower than the conspiracy alleged in the indictment. *Id.* at 42. The First Circuit reversed, stating, "a defendant can hardly be heard to complain when the government's proof at trial establishes 'a scheme similar to but somewhat narrower in breadth and malignity than that charged in the indictment.'" *Id.* at 48-49 (quoting *United States v. Mueffelman*, 470 F.3d 33, 38 (1st Cir. 2006)).

*U.S. v. Mobile Materials, Inc.*, 881 F.2d 866 (10th Cir. 1989): The variance doctrine articulated by the First Circuit is consistent with and has been applied in the antitrust context. Recognizing that a defendant may be convicted upon evidence that is narrower than that contained in the indictment, the court found while there was "ample evidence of a single conspiracy to submit collusive, non-competitive and rigged bids, or to withhold bids, on construction projects during the time period specified in the indictment [. . .] the government need not show that every attempt to rig bids was successful or that every bid on a project was the product of collusion." *Id.* at 872-73.

Notably, none of the cases submitted by defendants during the summary judgment hearing addressed the Court's question of whether a narrower conspiracy could proceed past summary judgment. Instead, defendants' cases deal only with amending a complaint. A complaint can always be amended, even after trial, to conform to the evidence, but Plaintiffs are not seeking here to amend the complaint. That is not the issue before the Court.

January 8, 2013
Page 3

---

Very truly yours,

K. Craig Wildfang

Enclosures
cc:   All Plaintiffs of Record
      *(plaintiffsprivateequity@scott-scott.com)*

      All Defendants of Record
      *(defendantsprivateequity@scott-scott.com)*

83610441.1