## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KIRK DAHL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:07-cv-12388-EFH |
| | ) | |
| v. | ) | |
| | ) | |
| BAIN CAPITAL PARTNERS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FURTHER SUBMISSION CONCERNING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs' letter brief with attachments, submitted to this Court without leave on January 8, 2013, was improper under this District's Local Rule 7.1(b)(3).  If the Court is inclined to consider that submission, Defendants would respond to it as follows:

First Circuit law is clear that plaintiffs must be held to their strategic decision to claim an overarching conspiracy involving 27 allegedly interconnected deals.  At this late stage, plaintiffs cannot change the conspiracy they have been litigating for five years.  *See, e.g.*, *James v. Watt*, 716 F.2d 71, 77 (1st Cir. 1983) ("[T]he pleadings in this case were drawn as part of a litigating strategy and plaintiffs showed the district court no reason why they should not be bound by the consequences of that strategy") (Breyer, J.); *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 85 (1st Cir. 2008) ("It simply will not do for a plaintiff to fail to plead with adequate specificity facts to support … a claim, all-the-while hoping" that the district court will allow it "to play [another] card if her initial hand is a dud.").[1]

---

[1] Defendants provided the Court with a highlighted booklet of First Circuit cases that address this exact situation.  *See, e.g.*, *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008); *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008); *U.S. ex rel. Jones v. Brigham &*
*cont'd*

Plaintiffs' contention that this controlling authority relates only to "amending a complaint" and not "whether a narrower conspiracy could proceed past summary judgment" (Pls.' Jan. 8, 2013 Ltr. at 2 [Dkt. 761].) misses the mark.   Allowing claims of a narrower conspiracy to proceed now would be functionally equivalent to allowing plaintiffs to amend their complaint, something they have never asked to do.   The First Circuit has expressly rejected attempts to shift claim strategies at the summary judgment stage.   *See*, *e.g.*, *Ruiz Rivera*, 521 F.3d at 85 (refusing to allow plaintiffs to "shift[] legal theories" to "parry [defendant's] blow" in the face of a "well-reasoned and convincing motion for summary judgment").

Ignoring this authority, plaintiffs cite six cases—four of them from courts outside the First Circuit—and suggest that the Court can "narrow[] the present case as to defendants or deals" on its own.   None of the cited decisions addressed a situation where, as here, plaintiffs pursued a grand conspiracy that had no support in the record.   Two of the cases involved the straightforward dismissal of a single defendant from a conspiracy case, where that defendant was shown not to be part of the conspiracy.   *See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1242 n.15 (3d Cir. 1993) ("[T]he evidence is insufficient to exclude the possibility that Standard acted independently"); *In re Sulfuric Acid Antitrust Litig.*, 743 F. Supp. 2d 827, 887 (N.D. Ill. 2010) (dismissing antitrust claim against one defendant "due to a lack of evidence tending to exclude the possibility of independent action on its part").[2]

---

*Women's Hosp.*, 678 F.3d 72, 92 (1st Cir. 2012); *see also* Dec. 18, 2012 Tr. at 56:14-59:7:4-6, 135:5-136:7, 137:23-138:16.

[2] Similarly, in *In re Linerboard Antitrust Litigation*, the court concluded that certain conspiracy claims were barred by the statute of limitations because of the timing of the conduct at issue, but that the remaining, timely claims could go forward.   *See* 504 F. Supp. 2d 38, 41 (E.D. Pa. 2007).   The case did not involve changes to plaintiffs' theory; and the time-barred claims could easily be severed without changing the underlying substance of the case.

Most importantly, none of plaintiffs' cases involved situations where the court allowed a fundamentally different and unalleged conspiracy to go forward. Yet that is what the Court's October 15 questions contemplated, and what plaintiffs now urge the Court to entertain. Getting from plaintiffs' overarching conspiracy in Count One to a narrower claim would not involve merely dropping a single defendant, a single deal, a particular claim, or any other measurable, incremental adjustments to the nature and scope of the litigation. Any narrower conspiracy or conspiracies would require different factual and legal responses from defendants and thus another round of summary judgment briefing. Plaintiffs' cases have no bearing on this question.

Finally, plaintiffs cite three criminal cases—*U.S. v. Mubayyid*, 658 F.3d 35 (1st Cir. 2011), *U.S. v. Miller*, 471 U.S. 130, 144 (1985), and *U.S. v. Mobile Materials, Inc.*, 881 F.2d 866 (10th Cir. 1989)—in an unavailing attempt to import the criminal-law concept of "variance." Plaintiffs have not offered—and defendants know of no—cases from any jurisdiction applying it in the civil context. Given the procedural differences between criminal and civil cases, the absence of a variance doctrine in civil cases makes sense. A criminal indictment is fixed by the grand jury process, and the court must manage the case through trial. But in the civil context, the litigants have a continuing obligation to amend their pleadings in accordance with the Federal Rules.[3] There is simply no need, and no room, for a separate "variance" doctrine. Rather, any departure from the original complaint must be evaluated under Federal Rules of Civil Procedure 15 and 16 and governing civil case law. Under that standard, plaintiffs would not be allowed to amend here, and the Court should not rewrite it.

---

[3] Under the Federal Rules it is incumbent on the plaintiffs, not the Court, to ask to change the theory of their case, which they still have never done. *See Salerno v. Town of Bedford, NY*, No. 05 Civ. 7293(SCR), 2008 WL 5101185, at *4 n.2 (S.D.N.Y. Dec. 3, 2008) ("The Court may not redraft the complaint and assess the propriety of … potential legal claims not actually presented"); *see also* Fed. R. Civ. P. 15(a)(1); Fed. R. Civ. P. 15(a)(2).

Dated:  Boston, Massachusetts
       January 10, 2013

Respectfully Submitted,


/s/ Kevin M. McGinty
Kevin M. McGinty (BBO# 556780)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1688
kmcginty@mintz.com

Jonathan Rosenberg (admitted *pro hac vice*)
Abby F. Rudzin (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036

Ian Simmons (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
***Attorneys for Apollo Global Management,
LLC***

/s/ Michael T. Marcucci
John D. Hanify (BBO# 219880)
Michael T. Marcucci (BBO# 652186)
Jones Day
100 High Street
Boston, MA 02110
(617) 342-8100
jhanify@jonesday.com
mmarcucci@jonesday.com

*Of Counsel*
Craig S. Primis, P.C. (admitted *pro hac vice*)
David R. Dempsey (admitted *pro hac vice*)
Katherine Katz
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005

James H. Mutchnik, P.C. (admitted *pro hac vice*)
Jennifer W. Cowen
Cody D. Rockey
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
***Attorneys for Bain Capital Partners, LLC***


/s/ Kevin M. McGinty
Kevin M. McGinty (BBO# 556780)
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
kmcginty@mintz.com

*Of Counsel*
Peter Thomas (admitted *pro hac vice*)
Hillary C. Mintz (admitted *pro hac vice*)
Abram J. Ellis (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
1155 F Street, NW
Washington, DC 20004
(202) 636-5500

Kevin J. Arquit (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

***Attorneys for The Blackstone Group, L.P.***

/s/ John D. Donovan, Jr.
John D. Donovan, Jr. (BBO# 130950)
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7566
john.donovan@ropesgray.com

*Of Counsel*
Gandolfo V. DiBlasi (admitted *pro hac vice*)
Richard C. Pepperman II (*pro hac vice* pending)
Stephanie G. Wheeler (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

***Attorneys for The Goldman Sachs Group, Inc.***

/s/ James R. Carroll
James R. Carroll (BBO# 554426)
Kurt Wm. Hemr (BBO# 638742)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Beacon Street
Boston, MA 02108
(617) 573-4800
jcarroll@skadden.com
khemr@skadden.com

*Of Counsel*
Peter  E. Greene
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY 10036

***Attorneys for J.P. Morgan Chase & Co.***

/s/ Kevin M. McGinty
Kevin M. McGinty (BBO# 556780)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
kmcginty@mintz.com

*Of Counsel*
Joseph F. Tringali (admitted *pro hac vice*)
Paul C. Gluckow (admitted *pro hac vice*)
Ryan A. Kane (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

**Attorneys for Kohlberg Kravis Roberts & Co. L.P.**

/s/ Carrie M. Anderson
Carrie M. Anderson (BBO #637125)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W.
Washington, DC 20005
(202) 682-7000
carrie.anderson@weil.com

*Of Counsel*
James C. Egan, Jr. (admitted *pro hac vice*)
John E. Scribner (admitted *pro hac vice*)
Jeff L. White (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W.
Washington, DC 20005

**Attorneys for Providence Equity Partners**

/s/ Kevin M. McGinty
Kevin M. McGinty (BBO# 556780)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, MA 2111
(617) 542-6000
 kmcginty@mintz.com

*Of Counsel*

Wesley R. Powell (admitted *pro hac vice*)
Matthew Freimuth (admitted *pro hac vice*)
Norman P. Ostrove (admitted *pro hac vice*)
Nicole M. Naples (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY  10019
Tel: (212) 728-8264
wpowell@willkie.com

**Attorneys for Silver Lake Technology Management LLC**

/s/ William R. Sherman
William R. Sherman (admitted *pro hac vice)*
E. Marcellus Williamson (admitted *pro hac vice)*
Jennifer L. Giordano (BBO# 650537)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004-1304
(202) 637-2200 (Telephone)
(202) 637-2201 (Fax)
william.sherman@lw.com

**Attorneys for TC Group III, L.P. and TC Group IV, L.P.**

/s/_Thomas C. Frongillo
Thomas C. Frongillo (BBO# 180690)
WEIL, GOTSHAL & MANGES LLP
100 Federal Street, Floor 34
Boston, MA 02110
(617) 772-8335
thomas.frongillo@weil.com

*Of Counsel*
James W. Quinn (admitted *pro hac vice*)
David R. Fertig (admitted *pro hac vice*)
Eric S. Hochstadt (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

**Attorneys for Thomas H. Lee Partners, L.P.**

s/John A. Freedman
John A. Freedman (BBO# 629778)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5316
John.Freedman@aporter.com

*Of Counsel*
William J. Baer (admitted *pro hac vice*)
Franklin R. Liss (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004
-and-
H. Lee Godfrey (admitted *pro hac vice*)
Mary Kathryn Sammons (admitted *pro hac vice*)
Erica W. Harris (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002

**Attorneys for TPG Capital, L.P.**

**CERTIFICATE OF SERVICE**

I, Kevin M. McGinty, hereby certify that on January 10, 2013, by agreement with Plaintiffs' counsel, I caused a true and correct copy of the foregoing Defendants' Response to Plaintiffs' Further Submission Concerning Defendants' Motions for Summary Judgment to be served on all parties by e-mail.

/s/ Kevin M. McGinty
Kevin M. McGinty