# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * * * * * * * *

KIRK DAHL, ET AL., Individually and
on Behalf of All Others Similarly Situated,

                Plaintiffs

        v.                         CIVIL ACTION NO.:
                                        07-12388-EFH

BAIN CAPITAL PARTNERS, LLC, ET AL.,

                Defendants.

* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

November 22, 2013

HARRINGTON, S.D.J.

      This matter comes before the Court on Defendants', TC Group III, L.P. and TC Group IV

L.P. (collectively, "Carlyle"), Motion to Amend the Court's July 18, 2013 Order to Permit

Interlocutory Review.  The July 18, 2013 Order, and related orders,[1] (collectively, the "Order")

denied Carlyle and other defendants' motions for summary judgment, concluding that the evidence

presented an issue of fact as to the existence of an overarching conspiracy, under the Sherman Act,

15 U.S.C. § 1, to fix the price of a number of companies undergoing leverage buyouts as alleged in

---

[1] The July 18, 2013 Order can be found at Dahl v. Bain Capital Partners, LLC, No. 07-12388-EFH, 2013 WL 3802433, *1-10  (D. Mass. July 18, 2013) (denying Carlyle and other defendants' renewed individual motions for summary judgment).  The related orders are Dahl v. Bain Capital Partners, LLC, 937 F. Supp. 2d 119, 122-39 (D. Mass. 2013) (denying summary judgment on Defendants' omnibus motion as to Count One but reserving the issue of Defendants' individual connection to the overarching conspiracy under Count One for a additional briefing, and denying summary judgment as to Count Two); and Dahl v. Bain Capital Partners, LLC, 937 F. Supp. 2d 119, 140-48 (D. Mass. 2013) (denying motion for reconsider under Count Two).

Count One of the Plaintiff's Fifth Amended Complaint, and to fix the price of HCA, one of the companies undergoing a leverage buyout, as alleged in Count Two.  Carlyle contends that an interlocutory review of the Order is warranted, under 28 U.S.C. § 1292(b), because the Order "presents a controlling question of law as to which there is substantial ground for difference of opinion, the immediate resolution of which will materially advance the ultimate termination of the litigation."[2]

Carlyle's contention focuses on quotations contained in the Order, drawn from Supreme Court and First Circuit precedent, setting forth a rule that "[a] tacit agreement under the Sherman Act may be found where there is 'uniform behavior among competitors, preceded by conversations implying that later uniformity might prove desirable or accompanied by other conduct that in context suggests that each competitor failed to make an independent decision.'"  See, e.g., Dahl v. Bain Capital Partners, LLC, No. 07-12388-EFH, 2013 WL 3802433, *2  (D. Mass. July 18, 2013); Dahl v. Bain Capital Partners, LLC, 937 F. Supp. 2d 119, 134 (D. Mass. 2013).  Carlyle contends that this Court based the Order on a conclusion that the evidence created an issue of fact as to whether a tacit agreement, rather than an express agreement, existed.  Carlyle asserts that interlocutory review is, therefore, warranted because "[t]here exists . . . substantial dispute amongst the courts regarding the proposition that a 'tacit' agreement may be inferred" and the First Circuit "actually went out of its way in White v. R.M. Packer Co., Inc., 635 F.3d 571 (1st Cir. 2011), to signal its discomfort with

---

[2] Interlocutory review under 28 U.S.C. §1292(b) is warranted only when the challenged order "involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. §1292(b).  Because certification under §1292(b) is an "extraordinary procedure," the party seeking it bears the "heavy burden" of demonstrating all three factors.  United Air Lines, Inc. v. Gregory, 716 F. Supp. 2d 79, 89 (D. Mass. 2010).

the idea that a 'tacit' agreement may be inferred merely from a request followed by uniform action."

The Court denies Carlyle's motion for two reasons. First, the Order contains no conclusion as to whether the evidence supports a tacit or express agreement. The Court did not explicitly apply any such dichotomy in denying summary judgment against Carlyle. The Court did not find, as Carlyle suggests, that the evidence only supports Carlyle's involvement in a tacit agreement. The Court found instead that the evidence was sufficient to raise a dispute of fact as to whether Carlyle acted pursuant to an agreement to refrain from jumping other firm's announced deals. Dahl, 2013 WL 3802433 at *2, 4, 7-8.

Second, contrary to Carlyle's contention, there is no "substantial dispute" as to whether a tacit agreement may form the basis for a Sherman Act claim. Assuming, *arguendo*, that the evidence supports only a tacit agreement, there is no real conflict or division with the rule reiterated in White concerning such agreements. In fact, the White Court was explicit that "[s]ection 1 by its plain terms reaches only 'agreements' – whether tacit or express." White, 635 F.3d at 575. While the White Court noted some prior criticism of this rule, it concluded that the law on this matter had been settled.

In the seminal case, Interstate Circuit v. United States, 306 U.S. 208, 59 S.Ct. 467, 83 L.Ed. 610 (1939), the Supreme Court found a tacit agreement where a dominant movie theater company sent a letter openly addressed to all eight major national film distributors stating that it would show a distributor's films only if the distributor imposed certain restrictions on later runs of the films in secondary theaters. Id. at 215–19, 59 S.Ct. 467. The Supreme Court held that the distributors, who never communicated directly with one another, nonetheless had entered into a tacit agreement with one another by acting in accordance with the letter's demands, because the letter made it clear that all eight had received the letter, the economic context made it clear that all eight needed to act uniformly or all would lose business, and all eight did in fact impose the conditions. Id. at 222, 59 S.Ct. 467. The opinion

has been criticized, see, e.g., 3B Areeda & Hovenkamp, Antitrust Law ¶ 810b, at 470–71 (3d ed. 2008), but the Supreme Court has recently reiterated that tacit agreements are still agreements under the Sherman Act, [Bell Atl. Corp. v.] Twombly, 550 U.S. at 553, 127 S.Ct. 1955 [167 L.Ed.2d 929 (2007)].

White, 635 F.3d at 576.

For the reasons set forth above, Defendants TC Group III, L.P. and TC Group IV, L.P.'s

Motion to Amend the Court's July 18, 2013 Order to Permit Interlocutory Review (Docket No. 936)

is, hereby, DENIED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge