# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRK DAHL, et al., Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>BAIN CAPITAL PARTNERS, LLC, et al., )<br><br>Defendants. )<br>_____ ) | Lead Case No. 1:07-cv-12388-WGY<br><br><u>CLASS ACTION</u><br><br>SETTLEMENT AGREEMENT WITH BAIN CAPITAL PARTNERS, LLC |

941409_5

This Settlement Agreement, dated June 9, 2014 (the "Agreement"), is entered into by and among Scott + Scott, Attorneys at Law, LLP, Robbins Geller Rudman & Dowd LLP, and Robins, Kaplan, Miller & Ciresi L.L.P., on behalf of plaintiffs Kirk Dahl, Police and Fire Retirement System of the City of Detroit, City of Omaha Police and Fire Retirement System, and Michael Wojno, as executor for the estate of Robert Zimmerman (collectively, the "Named Plaintiffs") and a settlement class of all others similarly situated, as more fully defined in paragraph 2 below, on the one hand; and defendant Bain Capital Partners, LLC (including its predecessors, successors, and all past and present directors, managing directors, partners, officers, employees, and affiliates) ("Bain Capital"), on the other hand.  Bain Capital and the Named Plaintiffs are referred to herein individually as a "Party" and collectively as the "Parties."

WHEREAS, the Parties, by and through their undersigned counsel, have reached an agreement-in-principle providing for the settlement and release and dismissal with prejudice of any and all claims that were asserted, or could have been asserted, by or on behalf of the Settlement Class against Bain Capital in or relating to *Dahl, et al. v. Bain Capital Partners, LLC, et al.*, Case No. 07-cv-12388-WGY (D. Mass.) (the "Action");

WHEREAS, the Named Plaintiffs allege that Bain Capital and Defendants participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of large leveraged buyouts, announced between 2003 and 2007, to allocate deal outcomes and purchase target companies at artificially suppressed prices, depriving shareholders of a true and fair market value in violation of §1 of the Sherman Act, 15 U.S.C. §1;

WHEREAS, Bain Capital denies Named Plaintiffs' allegations and has asserted defenses to Named Plaintiffs' claims;

941409_5

WHEREAS, the Named Plaintiffs have conducted an investigation into the facts and the law regarding the claims in the Action and believe that their claims are valid, but nevertheless recognize that there are material litigation risks associated with pursuing those claims and, therefore, have concluded that resolving their claims against Bain Capital according to the terms set forth below is in the best interest of the Named Plaintiffs and the proposed Settlement Class;

WHEREAS, Bain Capital, despite its belief that it is not liable for the claims asserted and that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Bain Capital, based on the allegations of the Action, as more particularly set out below; and

WHEREAS, Bain Capital and the Named Plaintiffs have negotiated all of the terms and conditions of this Agreement at arm's length and all terms, conditions, and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the Parties in entering into this Agreement.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Bain Capital on the following terms and conditions, and incorporating the preceding clauses:

## A.    Definitions

1.    For purposes of this Agreement, "LBO" or "leveraged buyout" is defined as the acquisition of a company through a leveraged transaction, as referenced in the Fifth Amended Class

Action Complaint for Violations of the Federal Antitrust Laws filed in this Action (the "Complaint").

2.      For purposes of this Agreement, and subject to paragraph 34 below, "Settlement Class" is defined as Kirk Dahl, Police and Fire Retirement System of the City of Detroit, City of Omaha Police and Fire Retirement System, and Michael Wojno as executor for the estate of Robert Zimmerman, and all persons or entities who sold or exchanged their common stock of (1) AMC Entertainment Inc., (2) SunGard Data Systems Inc., (3) Aramark Corporation, (4) Kinder Morgan, Inc., (5) HCA Inc., (6) Freescale Semiconductor, Inc., (7) Harrah's Entertainment, Inc., or (8) TXU Corp., as part of the LBO for each of the preceding target companies.  Excluded from the Settlement Class are the Court and any members of the Court's immediate family; the Defendants, including their predecessors, successors, and affiliates as well as their current and former directors, managers, partners, officers, and employees; and the directors and officers of each target company at the time of the leveraged buyout, provided that the foregoing exclusion shall not cover "Goldman Sachs Investment Vehicles," which for these purposes shall mean any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which The Goldman Sachs Group, Inc. has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but are not managed by The Goldman Sachs Group, Inc.'s Merchant Banking Division and of which The Goldman Sachs Group, Inc. or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

3.      For purposes of this Agreement, and subject to paragraph 34 below, "Settlement Class Member" is defined as each member of the Settlement Class who has not timely elected to be

excluded from the Settlement Class. Bain Capital agrees not to solicit or encourage exclusions from the Settlement Class.

4.     For purposes of this Agreement, the terms "Defendant" or "Defendants" shall mean, respectively, each and all named defendants in the Complaint. "Non-Settling Defendants" shall mean Defendants other than Bain Capital and The Goldman Sachs Group, Inc.

5.     "Releasors" shall refer to the Named Plaintiffs and the Settlement Class, and all of their respective past and present, direct and indirect parent entities, subsidiaries, and affiliates; predecessors, successors; and each and all of the present and former principals, partners, officers, directors, investors, supervisors, employees, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing.

6.     "Releasee" or "Releasees" shall refer to Bain Capital; the predecessors, successors and assigns of Bain Capital; and each and all of Bain Capital's past, present, and future direct and indirect parent entities, subsidiaries, affiliates, partnerships, general partners, limited partners (who are not a Non-Settling Defendant or Non-Settling Defendants described in paragraph 4), shareholders, investors (however denominated), investment funds that it or any of its affiliates managed or advised and such funds' respective affiliates, joint ventures and joint venturers (except joint ventures or joint venturers with respect to the transactions identified in paragraph 2), members, officers, directors, managers, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, supervisors, partners, heirs, executors, administrators, assigns, or controlling persons. The term "Releasee" or "Releasees" excludes any other Non-Settling Defendant ever named in this Action.

941409_5

7.     The "Settlement Fund" shall refer to the payment to be made by Bain Capital pursuant to paragraph 20 of this Agreement, plus all accrued interest thereon.

8.     The "Named Plaintiffs" shall refer to Kirk Dahl, Police and Fire Retirement System of the City of Detroit, City of Omaha Police and Fire Retirement System, and Michael Wojno, as executor for the estate of Robert Zimmerman.

9.     "Co-Lead Counsel" shall refer to the following counsel:

David R. Scott
Christopher M. Burke
Scott + Scott, LLP
707 Broadway, 10th Floor
San Diego, CA 92101

K. Craig Wildfang
Thomas J. Undlin
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402

Patrick J. Coughlin
David W. Mitchell
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

**B.     Approval of This Agreement and Dismissal of Claims Against Bain Capital**

10.     The Named Plaintiffs and Bain Capital, and their counsel, respectively, shall use reasonable, good faith efforts to effectuate this Agreement and its purpose, and secure the prompt, complete, and final dismissal with prejudice of the Action as to Releasees, but not as to any party, person, or entity that is not a Releasee.

11.     Named Plaintiffs shall submit to the Court a motion for preliminary approval of the settlement.  The motion for preliminary approval shall include a proposed plan for the sending of notice to the Settlement Class within thirty (30) days after an order of preliminary approval is

- 5 -

entered, and establishing a period of sixty (60) days from the giving of such notice within which any member of the Settlement Class may: (a) object to the Agreement or (b) request exclusion from the Settlement Class.  The motion for preliminary approval shall also request that any hearing on final approval of the settlement be set for no earlier than forty-five (45) days from the final date for serving objections and that any reply briefs on such motions be filed fourteen (14) days prior to that hearing.

12.     Named Plaintiffs shall seek, and Bain Capital will not object to, entry of an order and final judgment, the text of which the Parties shall agree upon.  The terms of that order and final judgment will include, at a minimum, the substance of the following provisions:

(a)     certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)     approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Named Plaintiffs and the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure or other applicable law, releasing Releasees in accordance with paragraph 15 of this Agreement, and directing its consummation according to its terms;

(c)     providing that the Action against Bain Capital be dismissed with prejudice and, except as provided for in this Agreement, without recovery of attorneys' fees and/or costs from Bain Capital;

(d)     reserving exclusive jurisdiction over this settlement and this Agreement, including the administration and consummation of this settlement, to the United States District Court for the District of Massachusetts;

941409_5

(e)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Bain Capital be finally entered; and

(f)     providing a bar order and judgment reduction provision in accordance with paragraph 21 of this Agreement.

13.     The Parties understand and agree that this settlement is subject to (a) preliminary approval of this Agreement by the Court; (b) final approval of this Agreement by the Court after notice to the Settlement Class and a hearing and such final approval becoming final and no longer subject to appeal as defined herein; (c) Bain Capital not exercising any rights of termination; and (d) Bain Capital's payment of the Settlement Fund.  Subject to the provisions of this paragraph, this Agreement shall become final when (i) the Court has entered an order and final judgment, which includes the provisions described in paragraph 12, approving this Agreement under Federal Rule of Civil Procedure 23(e) and/or applicable state laws and a final judgment dismissing the Action with prejudice as to all Releasees against all Settlement Class Members and (ii) either (A) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of an order and final judgment as to all Releasees has expired, or (B) if an appeal is taken, the order and final judgment are affirmed in their entirety on appeal (or the appeal is finally dismissed in its entirety) by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

14.     This Agreement shall be deemed executed as of the last date of signature by Bain Capital and Co-Lead Counsel, and Co-Lead Counsel shall give notice to Bain Capital within three (3) business days after this Agreement is deemed executed.  Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. §1651, shall be taken into account

in determining the above-stated times.  As of the date of execution of this Agreement, the Parties shall be bound by the terms of this Agreement and this Agreement shall not be rescinded or terminated except in accordance with the terms of this Agreement, including paragraphs 29–31 of this Agreement.

### C.      Release, Discharge, and Covenant Not to Sue

15.      In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in paragraph 13 of this Agreement, and in consideration of the payment specified in paragraph 20 of this Agreement, and for other valuable consideration, Releasors release, acquit and discharge Releasees from any and all allegations, claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether in law or equity or arising under constitution, statute, regulation, ordinance, contract or otherwise, direct or indirect, whether known or unknown, foreseen or not foreseen, or present or contingent, for any injury, damage or loss of any kind whatsoever, including, but not limited to, compensatory damages, consequential damages, incidental damages, statutory liquidated damages, exemplary damages, punitive damages, costs, expenses, interest, and attorneys' fees, which they ever had, now have or may in the future have, own, or claim existing as of the date of this Agreement that (a) were brought or could have been brought in this Action and/or (b) concern the LBOs of AMC Entertainment, Inc., Aramark Corporation, Freescale Semiconductor, Inc., Harrah's Entertainment, Inc., HCA Inc., Kinder Morgan, Inc., SunGard Data Systems Inc., and/or TXU Corp. (as referenced in the Complaint) (the "Released Claims").  Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee based, in whole or in part, upon any of the Released Claims. This release shall not affect the rights and claims of Named

- 8 -

Plaintiffs and the Settlement Class against any entity or person, including other Non-Settling Defendants, other than the Releasees and shall not affect or alter in any manner any otherwise applicable joint and several liability among persons or entities, including other Non-Settling Defendants, other than the Releasees. The Releasors contemplate and agree that this Agreement may be pleaded as a bar to a lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted with respect to the Released Claims.

16.     Without limiting the foregoing release, Releasors covenant and agree that they shall not institute, bring or commence any action or use any evidence or facts in any court, arbitration, or other forum against any Releasee with respect to the Released Claims, except (i) as necessary to enforce this Agreement, or (ii) the use of evidence or facts in connection with motions or trial against any other Non-Settling Defendant in the Action. The Releasors shall not seek to establish liability against any Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims. Named Plaintiffs and the Settlement Class agree not to appeal any prior orders in this Action as to any Releasee.

17.     In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in paragraph 13 of this Agreement, and in consideration of the releases described in paragraph 15, and for other valuable consideration, Releasors shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, whether directly, representatively, derivatively or in any other capacity that Bain Capital, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and the

- 9 -

consequences thereof in any way arising out of or relating in any way to any act or omission of

Releasors (or any of them) concerning the institution, prosecution, assertion, settlement or resolution

of the Action or the Released Claims (the "Releasee-Released Claims"). Releasees shall not, after

the date of this Agreement, seek to establish liability against any Releasor based, in whole or in part,

upon any of the Releasee-Released Claims, or conduct at issue in the Releasee-Released Claims.

18.     In addition to the provisions of paragraphs 15 and 16 of this Agreement, Releasors

hereby expressly waive and release, upon this Agreement becoming final, any and all provisions,

rights, and benefits conferred by §1542 of the California Civil Code, which states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**;

or by any law of any state or territory of the United States, or principle of common law, which is

similar, comparable, or equivalent to §1542 of the California Civil Code. Each Releasor and

Releasee may hereafter discover facts other than or different from those which he, she, or it knows or

believes to be true with respect to the claims which are the subject matter of the provisions of

paragraphs 15 and 16 of this Agreement, but each Releasor and Releasee hereby expressly waives

and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known

or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the

subject matter of the provisions of paragraphs 15 or 16 of this Agreement, whether or not concealed

or hidden, without regard to the subsequent discovery or existence of such different or additional

facts.

19.     The release, discharge, and covenant not to sue set forth in paragraphs 15 and 16 of

this Agreement do not settle or compromise claims by any of the Releasors or any of the Releasees

941409_5

other than the claims set forth therein and do not include other claims, such as those solely arising out of product liability, contract or warranty claims in the ordinary course of business.

### D.    Settlement Amount

20.    Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Bain Capital will pay $54,000,000 USD ("Settlement Amount") for the benefit of the Settlement Class.  The Settlement Amount will be paid into the Settlement Fund, which shall be an interest-bearing escrow account listed as "Bain Capital Settlement Fund" controlled solely by Co-Lead Counsel (subject to Court oversight) in accordance with paragraph 22 of this Agreement not later than thirty (30) business days after the Court's preliminary approval of this settlement.  Named Plaintiffs and the Settlement Class shall look solely to the Settlement Fund for settlement and satisfaction against the Releasees of all Released Claims, as well as applications for attorneys' fees and costs, and shall have no other recovery against Bain Capital or any other Releasee.  Co-Lead Counsel shall provide Bain Capital reasonable documentation of payment of the Settlement Amount, such as a W-9 form.

21.    In the event Named Plaintiffs and/or the Settlement Class seek to recover damages or any other form of monetary relief from any person or entity based upon, arising from, relating to, or in connection with the Released Claims, any verdict or judgment in such action in favor of Named Plaintiffs and/or the Settlement Class shall be reduced by the amount of the recovery obtained by the Named Plaintiffs and/or the Settlement Class from the Settlement Fund and, consistent with current antitrust law under which there is no right to contribution, a bar order shall be entered in the final judgment.

941409_5

### E.     Escrow Account

22.     (a)     The Escrow Account referenced in paragraph 20 will be established at The Huntington National Bank, with such bank serving as escrow agent ("Escrow Agent") subject to escrow instructions as agreed by the Parties.

(b)     The Escrow Agent shall invest the Settlement Fund deposited in the Escrow Account in short term (up to one-year maturity) United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

(c)     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Agreement, by an order of the Court, or with the written agreement of counsel for Defendants.

(d)     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Agreement, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Agreement.

(e)     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Agreement and/or further order(s) of the Court.

(f)     The Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the

- 12 -

provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Co-Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(g)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be Co-Lead Counsel. Co-Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in paragraph 22(f) hereof) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(h)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Releasees and Releasors ("Released Persons") and their counsel shall have no liability or responsibility for any Taxes or Tax Expenses. The Settlement Fund

- 13 -

shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(i)      In the event that this Agreement is not approved or this Agreement is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses (as defined in paragraph 23(c) below) or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded to Bain Capital along with any interest accrued thereon within thirty (30) calendar days.

### F.      Settlement Administration, Costs of Notice, and Interim Expenses

23.     (a)      Co-Lead Counsel will select a third party to act as a qualified settlement administrator ("Settlement Administrator") to assist with the settlement claims process and administration of notice to the Settlement Class, locating potential Settlement Class Members, and administering and distributing the Settlement Fund.

941409_5

(a)     Bain Capital agrees that a portion of the Settlement Fund may be applied to the costs of notice to the Settlement Class and administration costs related thereto, as Co-Lead Counsel in their sole discretion deem reasonably necessary.

(b)     Without further order of the Court, the Settlement Fund may be used by Co-Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Settlement Class, locating potential Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim forms, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  The Notice and Administration Expenses are not recoverable by Bain Capital if this settlement does not become final.

(c)     If Co-Lead Counsel enter into any other settlements on behalf of the Settlement Class before notice of this Agreement is given to the Settlement Class, Co-Lead Counsel shall provide a single notice to prospective class members of such settlements.  Further, in the event that a litigation class is certified before notice of this Agreement is given to the Settlement Class, Co-Lead Counsel may, in their sole discretion, choose to consolidate the Notice of this Agreement with the notice to the litigation class.

24.     Neither Bain Capital nor any of the other Releasees under this Agreement shall be liable for any of the costs or expenses of the litigation of the Action, including, without limitation, attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for class administration and costs.

- 15 -

### G.      Distribution of the Settlement Fund

25.      Releasors shall look solely to the Settlement Fund for settlement and satisfaction against Releasees of all Released Claims, and shall have no other recovery against Bain Capital or the Releasees.

26.      After this Agreement becomes final within the meaning of paragraph 13, the Settlement Fund shall be distributed only in accordance with plans for direct distributions, cy pres, or as otherwise permitted by law, all to be submitted at the appropriate time by the Named Plaintiffs and approved by the Court.  Neither Bain Capital nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to, or shall file any opposition to, the proposed or actual plan(s) for distribution of the Settlement Fund among the Settlement Class and/or any other person or entity who may assert some claim to the Settlement Fund.  Once this Agreement becomes final within the meaning of paragraph 13, Bain Capital has no ability to get back any of the Settlement Fund and there shall be no revision of any portion of the Settlement Fund to Bain Capital on account of a decision by any Settlement Class Member to opt-out of the settlement or based on claims made by Settlement Class Members.

27.      It is contemplated that Named Plaintiffs' counsel will seek attorneys' fee award(s), payment of costs and expenses (including expert witness fees and expenses), and service awards to the Named Plaintiffs.

28.      (a)      The procedure for and the allowance or disallowance by the Court of the petitions for awards of attorneys' fees, the payment of costs and expenses and any award of service awards to the Named Plaintiffs is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of this Agreement, and any order or proceeding relating to the fee application(s) or any appeal from any such order shall not operate to

- 16 -

terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement. Except as expressly provided in this Agreement, Bain Capital, under this Agreement, shall not have any responsibility for, or interest in, or liability whatsoever with respect to any payment to counsel for the Named Plaintiffs or the Settlement Class of any fee award in the Action. Bain Capital, under this Agreement, shall not have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among counsel for the Named Plaintiffs, and/or any other person or entity who may assert some claim thereto, of any fee award that the Court may make in the Action.

(b)     Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any filed objections to the settlement, of attorneys' fees and expenses or to any service award, or to any actual, or potential for, appeal therefrom, or collateral attack on the settlement or any part of it, subject to Co-Lead Counsel's obligation to make a full repayment to the Settlement Fund if this Agreement does not become final pursuant to paragraph 13 of this Agreement, if the Court does not enter final judgment provided for in paragraph 13, or if this Agreement is rescinded pursuant to paragraphs 29, 30, or 31 of this Agreement or to make appropriate refunds or repayments to the Settlement Fund, if and when, as a result of any appeal and/or further proceeding on remand, or successful collateral attack, the fee or cost award is reduced or reversed.

**H.     Termination and Rescission**

29.     (a)     Within fourteen (14) business days after the end of the period to request exclusion from the Settlement Class, Co-Lead Counsel will cause copies of timely requests for exclusion from the Settlement Class to be provided to counsel for Bain Capital.

(b)      Bain Capital shall, in its sole discretion, have the option to terminate this Agreement upon the occurrence of one or more conditions relating to members of the Settlement Class who have timely exercised their rights to be excluded from the Settlement Class ("Opt Outs"), as set forth in a separate agreement ("Supplemental Agreement") executed between Co-Lead Counsel and Bain Capital.  To exercise this option, Bain Capital must provide written notice of its election to terminate this Agreement no later than ten (10) calendar days prior to the hearing for final approval of this settlement, which the Parties agree will not go forward until the Parties have ascertained the number and identity of Opt Outs.

(c)      Bain Capital's right to terminate this Agreement and withdraw from the settlement is a material term of this Agreement.  The Parties agree to keep confidential the Supplemental Agreement and its terms and information contained therein and agree not to file it with the Court.  Upon request by the Court, the Parties agree to submit the Supplemental Agreement to the Court *in camera* unless ordered to file, in which case it shall be filed under seal.

(d)      With respect to any potential member of the Settlement Class who requests exclusion from the Settlement Class, Bain Capital reserves all of its legal rights and defenses.

30.      If the Court refuses to approve this Agreement or any material part hereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the final judgment provided for in paragraph 12 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then within 30 days thereafter, Bain Capital and the Named Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.  Written notice of the exercise of any such right to rescind shall be made by the rescinding party to counsel for all other Parties.  A modification or reversal on appeal of any amount of the fees or expenses for counsel for

the Named Plaintiffs, or the plans for direct distribution to Settlement Class Members, shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

31.     In the event that this Agreement does not become final, then this Agreement shall be of no force or effect (except for this paragraph and paragraphs 32(b), 33, and 34) and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account(s), including all interest earned on such accounts, shall be returned forthwith to Bain Capital less only disbursements made in accordance with this Agreement, including paragraph 22(i).  In the event that the settlement is terminated or fails to become effective for any reason, the Parties shall be deemed to have reverted to their respective status in the Action as of April 14, 2014, and the Parties shall proceed in all respects as if this Agreement and any related agreements or orders had not been executed and/or entered.  The Parties expressly reserve all of their rights if this Agreement does not become final.

**I.     Cooperation**

32.     In consideration for the settlement and dismissal of Named Plaintiffs' and the Settlement Class's claims against Bain Capital in the Action, Bain Capital agrees to provide Named Plaintiffs and the Settlement Class with the following cooperation in the prosecution of their claims in the Action against any and all remaining defendants:

(a)     In the event necessary for any briefing, hearing or trial against any Non-Settling Defendant regarding the claims in the Action, Bain Capital agrees to engage in reasonable, good faith efforts to timely provide, without cost to Named Plaintiffs, a declaration sufficient to establish, to the extent that Bain Capital can provide such foundation, the authenticity, including under F.R.E. 901, and admissibility, including under F.R.E. 803 or 801(d)(2), of a reasonable number of documents that Named Plaintiffs specifically identify with reasonable advance notice. Named Plaintiffs and the Settlement Class agree to be reasonable in their selection of documents.  If

- 19 -

counsel for the Non-Settling Defendants object in whole or in part to the sufficiency of the declaration, or if the trial court determines the declaration in whole or in part is not sufficient to admit specified documents, then Bain Capital agrees to provide without need for service of process a witness qualified to testify as to the authenticity and admissibility of such documents produced by Bain Capital in the Action.

(b)     In the event that this Agreement fails to receive final approval by the Court, or in the event that it is terminated by either party under any provision herein, the Parties agree that neither Named Plaintiffs, the Settlement Class, nor Named Plaintiffs' counsel shall be permitted to introduce into evidence, at any hearing, or in support of any motion, opposition or other pleading in this Action or in any other federal or state action alleging a violation of any antitrust or unfair competition law relating to the subject matter of this Action, the unsworn oral or written statements, declarations, or certifications provided by Bain Capital, its counsel, or any individual made available by Bain Capital pursuant to this paragraph.

(c)     In the event Bain Capital fails to perform any cooperation obligations under this paragraph, the sole remedy shall be to seek specific performance, and this Agreement shall be otherwise unaffected.  Any dispute concerning the cooperation obligations of the Parties shall be reduced to writing before a Party seeks relief from the Court.  In addition, Bain Capital shall have the right to assert, if warranted, the attorney-client privilege, attorney-work product protection, or applicable privacy laws regardless of its cooperation obligations.

## J.     Reservation of Rights

33.     Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents, and discussions associated with such negotiation, shall be deemed or construed to be an admission by, or form the basis of an estoppel by a third party

941409_5

against Bain Capital or any Releasees, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by any Releasee, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed by the Named Plaintiffs or Releasors, and evidence thereof shall not be discoverable, or used directly or indirectly, in any way against Bain Capital, whether in the Action or in any other action or proceeding.   Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any action taken to carry out this Agreement by any of the Named Plaintiffs or Bain Capital shall be referred to, offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action or proceeding against Bain Capital, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.  All communications (whether oral or in writing) between and/or among the Parties, their counsel, and/or their respective representatives relating to, concerning, or in connection with this Agreement or any other related agreements, or the matters covered hereby, shall be governed and protected in accordance with Federal Rule of Evidence 408 to the fullest extent permitted by law.

34.    The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating a settlement and for no other purpose.  Bain Capital retains all of its objections, arguments, and/or defenses with respect to class certification if this Agreement does not receive the Court's final approval or otherwise fails to close.  The Parties acknowledge that there has been no stipulation to a class or certification of a class for any purposes other than effectuating this Agreement, and that if this Agreement does not receive final approval or otherwise fails to close, the Parties' agreement as to certification of the Settlement Class becomes null and void *ab initio* and no Party may cite this Agreement, any related agreements, or any other settlement-related statement

- 21 -

regarding certification of the Settlement Class in support of an argument for certifying a class for any purposes related to this proceeding.

### K.     Miscellaneous

35.     This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

36.     The Parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in paragraph 12 of this Agreement, appropriate notice (1) of the settlement; (2) of a hearing at which the Court will consider the approval of this Agreement; and (3) that Settlement Class Members may be permitted to object to, or opt-out of, the settlement, will be given to Settlement Class Members.

37.     This Agreement does not settle or compromise any claim by the Named Plaintiffs and the Settlement Class against any Defendant or alleged co-conspirator other than Bain Capital and the Releasees.  All rights against such other Defendants or alleged co-conspirators are specifically reserved by Named Plaintiffs.

38.     Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement is or may be deemed to be or may be used as an admission of, or evidence of, (i) the validity of any claim or defense; or (ii) the appropriateness or inappropriateness of any class or other representational capacity whether contemporaneously with this Agreement or at any time in the future.

39.     Except as otherwise set forth herein, this Agreement shall not affect whatever rights Releasors or any of them may have (i) to participate in or benefit from any relief or recovery as part

941409_5

of a judgment or settlement in this Action against any other party named as a Defendant (other than Bain Capital or any Releasee); or (ii) to assert any claim referred to in paragraph 19 above.

40.     The United States District Court for the District of Massachusetts shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by the Parties.  This Agreement shall be construed according to the laws of the State of Massachusetts without regard to its choice of law or conflict of laws principles.

41.     This Agreement may be executed in counterparts by the Named Plaintiffs and Bain Capital, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

42.     Neither the Named Plaintiffs nor Bain Capital shall be considered to be the drafters of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafters of this Agreement.

43.     The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience only and do not constitute a part of this Agreement.

44.     This Agreement, together with the Supplemental Agreement, constitute the entire, complete, and integrated agreement among Named Plaintiffs and Bain Capital pertaining to the settlement of the Action against Bain Capital, and supersedes all prior understandings of Named Plaintiffs and Bain Capital in connection herewith.

45.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice,

communication, or document shall be provided by electronic mail, facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

46.     The Parties agree that, following the filing of a motion for preliminary approval for the settlement, the Parties shall cease work in connection with the Action as it relates to Bain Capital except for work relating to the consummation and closing of the Settlement Agreement, and except as necessary to proceed forward in litigation against Non-Settling Defendants.

47.     The Parties agree that Co-Lead Counsel have taken sufficient discovery to date to allow them to determine that the settlement is in the best interests of the Settlement Class, and no further discovery is necessary or will be undertaken in connection with the settlement.

48.     This Agreement may be modified or amended only by a writing signed by all of the signatories hereto.

49.     Except as otherwise provided herein, this Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective agents, successors, executors, heirs and assigns.

50.     Named Plaintiffs and Co-Lead Counsel represent and warrant that none of the Named Plaintiffs' claims or causes of action referred to in this Agreement or that could have been alleged in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

51.     The Parties and their counsel agree to use reasonable, good faith efforts to do anything reasonably necessary to effectuate the performance of, and uphold the validity and enforceability of, this Agreement.

52.     The proposed Final Judgment submitted to the Court will contain a statement that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Parties agree that the amount paid to

- 24 -

the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Parties and their counsel, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement on behalf of the Parties he or she represents, subject to Court approval.

[THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK.]

941409_5

Dated:  June 9, 2014

*On behalf of Named Plaintiffs and the*
*Settlement Class:*

_____

Christopher M. Burke (admitted *pro hac*
*vice*)
Walter W. Noss (admitted *pro hac vice*)
Kristen M. Anderson (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW,
LLP
707 Broadway, Suite 1000
San Diego, CA  92101
(619) 233-4565
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com

David R. Scott
SCOTT+SCOTT, ATTORNEYS AT LAW,
LLP
156 South Main Street
P.O. Box 192
Colchester, CT  06415
(860) 537-3818

K. Craig Wildfang (admitted *pro hac vice*)
Thomas J. Undlin (admitted *pro hac vice*)
Stacey P. Slaughter (admitted *pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN  55402-2015
(612) 349-8500
Kcwildfang@rkmc.com

Lisa A. Furnald (BBO #631059)
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P
800 Boylston Street, 25th Floor
Boston, MA  02199
(617) 267-2300
lafurnald@rkmc.com

*On behalf of Bain Capital Partners, LLC:*

_____

John D. Hanify (BBO# 219880)
Michael T. Marcucci (BBO# 652186)
JONES DAY
100 High Street
Boston, MA 02110
(617) 960-3939
jhanify@jonesday.com
mmarcucci@jonesday.com

*Of Counsel*
Craig S. Primis, P.C. (admitted *pro hac vice*)
David R. Dempsey (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005

James H. Mutchnik, P.C. (admitted *pro hac vice*)
Jennifer W. Cowen
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

*Attorneys for Bain Capital Partners, LLC*

- 26 -

941409_5

Patrick J. Coughlin (admitted *pro hac vice*)
David W. Mitchell (admitted *pro hac vice*)
Randi D. Bandman (*admitted pro hac vice*)
Phong L. Tran (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN & DOWD
LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
(619) 231-1058
patc@rgrdlaw.com
davidm@rgrdlaw.com
randib@rgrdlaw.com
ptran@rgrdlaw.com

***Co-Lead Class Counsel***

Jack Landskroner
Paul Grieco
LANDSKRONER • GRIECO • MADDEN
LTD.
1360 West 9th Street, Suite 200
Cleveland, OH  44113
(216) 522-9000
jack@lgmlegal.com

Brian J. Robbins
George Aguilar
ROBBINS ARROYO LLP
600 B Street, #1900
San Diego, CA  92101
(619) 525-3990
gaguilar@robbinsumeda.com

Dennis Stewart
HULETT HARPER STEWART, LLP
525 B Street, Suite 750
San Diego, CA  92101
(619) 338-1133

J. Gerard Stranch IV
BRANSTETTER STRANCH & JENNINGS
PLLC
227 Second Avenue, North – 4th Floor
Nashville, TN  37201-1631
(615) 254-8801

941409_5

Brian Murray (Of Counsel)
MURRAY, FRANK, SAILER LLP
275 Madison Avenue, 8th Floor
New York, NY  10016
(212) 682-1818

Mark Reinhardt (Of Counsel)
REINHARDT WENDORF &
BLANCHIELD
P.O. Box 460 2201 Atlantic Avenue
Sullivan's Island, SC 29482
(651) 287-2100

Nadeem Faruqi (Of Counsel)
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

Jayne A. Goldstein
MAGER & GOLDSTEIN LLP
1640 Town Center Circle, Suite 216
Weston, FL  33326

Richard A. Lockridge
Charles N. Nauen
Karen Hanson Riebel
LOCKRIDGE GRINDAL
NAUEN P.L.L.P.
100 Washington Ave.,
South, Suite 2200
Minneapolis, MN  55401
(612) 339-6900

Tyler W. Hudson
WAGSTAFF & CARTMELL
LLP
4740 Grand Ave., Suite
300
Kansas City, MO  64112
(816) 701-1177

***Additional Attorneys for Plaintiffs and the
Settlement Class***

941409_5