# EXHIBIT D

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRK DAHL, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>  vs.<br><br>BAIN CAPITAL PARTNERS, LLC, et al.,<br><br>                    Defendants. | Lead Case No. 1:07-cv-12388-WGY<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] RULE 54(b) FINAL JUDGMENT ORDER AS TO BAIN CAPITAL PARTNERS, LLC |

On _____, 2014, the Court entered an Order Granting Preliminary Approval of the Proposed Settlements with Defendants The Goldman Sachs Group, Inc. ("Goldman Sachs") and Bain Capital Partners, LLC ("Bain Capital").[1] Dkt. No. \_\_ ("Preliminary Approval Order"). That Preliminary Approval Order specified the manner in which _____ (the "Claims Administrator") was to provide Mail Notice and Summary Notice (collectively, the "Notice") to the Settlement Class (defined below).

Within ten (10) days of the filing of the Preliminary Approval Motion (Dkt. No. \_\_), Bain Capital complied with the requirements of 28 U.S.C. §1715(b) by serving the appropriate documents and other information on the appropriate state and Federal officials.

Following the dissemination of the Notice, Settlement Class members were given an opportunity to participate in the Settlements, exclude themselves from the Settlements or object to the Settlements and/or to Settlement Class Counsel's request for fees and expenses.

A Fairness Hearing was held on _____, 2014, at which time all interested persons were given a full opportunity to state any objections to the Settlement Agreements. The Fairness Hearing was held \_\_\_\_ days after Bain Capital provided notice as required by 28 U.S.C. §1715(d) and \_\_\_ days after the Settlement Class was provided Notice pursuant to paragraph 6 of the Preliminary Approval Order.

Having read and fully considered the terms of the Settlement Agreement with Bain Capital, and all submissions made in connection with it, the Court finds that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay, and therefore expressly directs the

---

[1] Goldman Sachs and Bain Capital are collectively referred to as "Settling Defendants." Capitalized terms not otherwise defined herein shall have the meanings given in the Bain Capital Settlement Agreement (Dkt. No. \_\_) or the Preliminary Approval Order (Dkt No. \_\_).

entry of Final Judgment as to Bain Capital. The Settlement Agreement is finally approved and Bain Capital is dismissed with prejudice as to all Settlement Class members who have not excluded themselves from the Settlement Class, and without prejudice as to all persons who timely and validly excluded themselves from the Settlement Class.

IT IS HEREBY ORDERED that:

1. For purposes of the Settlement, the Settlement Class is defined as:

All persons or entities who sold or exchanged their common stock of (1) AMC Entertainment Inc., (2) SunGard Data Systems Inc., (3) Aramark Corporation, (4) Kinder Morgan, Inc., (5) HCA Inc., (6) Freescale Semiconductor, Inc., (7) Harrah's Entertainment, Inc., or (8) TXU Corp., as part of the leveraged buyout of each of the preceding target companies. Excluded from the Settlement Class are the Court and any members of the Court's immediate family; the Defendants, including their predecessors, successors, and affiliates as well as their current and former directors, managers, partners, officers, and employees; and the directors and officers of each target company at the time of the LBO, provided that the foregoing exclusion shall not cover "Goldman Sachs Investment Vehicles," which for these purposes shall mean any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which Goldman Sachs has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but are not managed by Goldman Sachs' Merchant Banking Division and of which Goldman Sachs or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

2. The Settlement Class is finally certified as a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, as follows:

(a) The Settlement Class, for which records should exist, is readily identifiable;

(b) Due to the nature of the trade and commerce involved there appear to be thousands of geographically dispersed members of the Settlement Class making the members of the Settlement Class, sufficiently numerous to satisfy the numerosity requirement;

(c) Named Plaintiffs' claims are typical of the claims of the members of the Settlement Class in that they arise from the same common course of conduct giving rise to the claims of the members of the Settlement Class;

(d) There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement, including whether Settling Defendants conspired or combined for the purpose and with the effect of consummating the leveraged buyouts of certain companies; whether Settling Defendants' conduct violated the federal antitrust laws; and whether Settling Defendants' conduct caused injury to the business or property of Named Plaintiffs and the members of the Settlement Class; and

(e) Questions of law and fact common to the Settlement Class predominate over any individualized questions.

3. The Court hereby approves the terms of the Settlement Agreement as fair, reasonable, and adequate as it applies to the Named Plaintiffs and the Settlement Class, and directs consummation of all its terms and provisions.

4. The Settlement Agreement shall be binding on Named Plaintiffs and all members of the Settlement Class who did not request exclusions from the Settlement Class in the time and manner set forth in the Notice (collectively, "Plaintiffs").

5. The Court hereby dismisses this Action on the merits and with prejudice as to Bain Capital, including all claims asserted in the Fifth Amended Class Action Complaint for Violations of the Federal Antitrust Laws as to Bain Capital. Neither Bain Capital nor any of the other persons or entities released under the Settlement Agreement with Bain Capital shall be liable for any of the costs or expenses of the litigation of the Action, including, without limitation, attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery,

motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for class administration and costs.

6. With regard to Bain Capital, upon entry of this Order, Plaintiffs, and all of their respective past and present, direct and indirect parent entities, subsidiaries, and affiliates; predecessors, successors; and each and all of the present and former principals, partners, officers, directors, investors, supervisors, employees, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing shall be deemed to have, and by operation of this Final Judgment Order shall have, released Bain Capital, the predecessors, successors, and assigns of Bain Capital, and each and all of Bain Capital's past, present, and future direct and indirect parent entities, subsidiaries, affiliates, partnerships, general partners, limited partners (who are not a Non-Settling Defendant or Non-Settling Defendants), shareholders, investors (however denominated), investment funds that it or any of its affiliates managed or advised and such funds' respective affiliates, joint ventures and joint venturers (except joint ventures or joint venturers with respect to the transactions identified in this paragraph), members, officers, directors, managers, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, supervisors, partners, heirs, executors, administrators, assigns, or controlling persons from any and all allegations, claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether in law or equity or arising under constitution, statute, regulation, ordinance, contract or otherwise, direct or indirect, whether known or unknown, foreseen or not foreseen, or present or contingent, for any injury, damage or loss of any kind whatsoever, including, but not limited to, compensatory damages, consequential

damages, incidental damages, statutory liquidated damages, exemplary damages, punitive damages, costs, expenses, interest, and attorneys' fees, which they ever had, now have or may in the future have, own, or claim existing as of the date of the Bain Capital Settlement Agreement (Dkt. No. _) that (a) were brought or could have been brought in this Action and/or (b) concern the LBOs of AMC Entertainment, Inc., Aramark Corporation, Freescale Semiconductor, Inc., Harrah's Entertainment, Inc., HCA Inc., Kinder Morgan, Inc., SunGard Data Systems, Inc., and/or TXU Corp. ("Released Claims").

7. The Court hereby permanently bars, enjoins, and restrains Named Plaintiffs and Settlement Class Members from initiating, instituting, commencing, bringing, or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Bain Capital or any of the other entities or persons who are released and discharged as described above in paragraph 6, that is based upon, relates to, or arises out of, any Released Claims or any of the matters which are discharged and released pursuant to the Settlement Agreement with Bain Capital.

8. In the event Named Plaintiffs and/or the Settlement Class seek to recover damages or any other form of monetary relief from any person or entity based upon, arising from, relating to, or in connection with the Released Claims, any verdict or judgment in such action in favor of Named Plaintiffs and/or the Settlement Class shall be reduced by the amount of the recovery obtained by the Named Plaintiffs and/or the Settlement Class from Bain Capital.

9. The Court hereby permanently bars, enjoins, and restrains any person or entity from commencing, prosecuting, or asserting (i) any claims for contribution or indemnity arising out of or related to the claims or allegations asserted in the Action, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Named Plaintiffs and/or the Settlement Class, against Bain

Capital or any of the other entities or persons released pursuant to the Settlement Agreement, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

10. If the Settlement Agreement becomes null and void pursuant to its terms, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

11. Without affecting the finality of this Final Judgment Order in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all Settlement Class members as defined above, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

12. The Plan of Allocation, annexed as Exhibit _ to the _____, which was previously filed with the Court on _____, 2014 (Dkt. No. _____), is hereby approved.

13. The Court finds that, during the course of the Action, Named Plaintiffs, Settling Defendants, Settlement Class Counsel, and counsel for Settling Defendants at all times complied with the requirements of Federal Rule of Civil Procedure 11.

In accordance with Federal Rule of Civil Procedure 54(b), and the Court having found that there is no just reason for delay, the Clerk is directed to enter this Final Judgment Order forthwith.

DATED: _____     _____
                                THE HON. WILLIAM G. YOUNG
                                UNITED STATES DISTRICT JUDGE