# EXHIBIT F

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRK DAHL, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>BAIN CAPITAL PARTNERS, LLC, et al.,<br><br>　　　　　　　　　Defendants. | Lead Case No. 1:07-cv-12388-WGY<br><br><u>CLASS ACTION</u><br><br>NOTICE OF CLASS CERTIFICATION, PROPOSED CLASS ACTION SETTLEMENTS WITH CERTAIN DEFENDANTS AND FINAL APPROVAL HEARING |

946813_5

**IF YOU SOLD OR EXCHANGED COMMON STOCK OF (1) AMC ENTERTAINMENT, INC., (2) SUNGARD DATA SYSTEMS INC., (3) ARAMARK CORPORATION, (4) KINDER MORGAN, INC., (5) HCA INC., (6) FREESCALE SEMICONDUCTOR, INC., (7) HARRAH'S ENTERTAINMENT, INC., OR (8) TXU CORP. (COLLECTIVELY, THE "TARGET COMPANIES"), AS PART OF THE LEVERAGED BUYOUT ("LBO") OF EACH TARGET COMPANY, YOUR LEGAL RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN A CLASS ACTION LAWSUIT AND YOU MAY BE ENTITLED TO A CASH PAYMENT FROM CLASS ACTION SETTLEMENTS.**

*A federal district court authorized this Notice.  This is not junk mail, an advertisement or a solicitation from a lawyer.*

This Notice has been given by Order of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The purpose of this Notice is to inform you of two important events:

- (1) Proposed settlements have been reached with Defendants Bain Capital Partners, LLC ("Bain Capital") and The Goldman Sachs Group, Inc. ("Goldman Sachs") (collectively, the "Settling Defendants") in the above-captioned action (the "Action"), and the Court has granted preliminary approval of those settlements (the "Settlements").  Pursuant to the Settlements, Bain Capital has agreed to pay $54,000,000, and Goldman Sachs has agreed to pay $67,000,000 in cash for the benefit of the putative Settlement Class (defined below) in settlement of the Settlement Class's claims against the Settling Defendants.

- (2) On _____, 2014, the Hon. William G. Young, United States Senior District Judge for the District of Massachusetts entered an order preliminarily certifying the Settlement Class.  Judge Young also preliminarily approved both the Goldman Sachs and Bain Capital Settlements.

Please read this entire Notice carefully.  This Notice summarizes essential information regarding class certification and the proposed Settlements, your potential rights, and deadlines to respond in order to protect your rights and/or make a claim for a portion of the proposed Settlements.  This Notice also provides information about Co-Lead Counsel's request for attorneys' fees and payment of costs and expenses and intention to petition the Court for service award(s) to Named Plaintiffs.

## What is this lawsuit about?

Named Plaintiffs allege that Defendants violated the United States federal antitrust laws by restraining competition by participating in illegal conspiracies as alleged in Counts 1 and 2 of the Complaint to limit competition among themselves and their co-conspirators with the goal of reducing the sale prices of the publicly-traded Target Companies that were sold pursuant to LBOs.  Named Plaintiffs allege that Defendants' anticompetitive conduct caused the shareholders of each Target Company to receive an unlawfully depressed price per share, resulting in significant economic damages to the Settlement Class.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Named Plaintiffs, as well as all charges of wrongdoing or liability against them arising out of any of the

- 1 -

conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, as well as Named Plaintiffs' contention that Settlement Class Members were damaged by the Settling Defendants' alleged conduct.

Proposed Settlements have been reached with Bain Capital for $54 million and Goldman Sachs for $67 million. The Action will continue against the other Defendants that have not settled (the "Remaining Defendants"). Other than its preliminary certification of the Settlement Class, the Court has not certified a class.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **REMAIN IN THE CLASS /SUBMIT A CLAIM FORM** | You may remain in the Settlement Class and be bound by the proposed Settlements if they are approved. If you remain in the Settlement Class, you may be eligible to share in the Settlement Funds (defined below) subject to the conditions set forth below, if you complete and submit the enclosed claim form no later than _____, 2014. |
| **EXCLUDE YOURSELF FROM THE CLASS** | You must submit a timely written request to exclude yourself from the Settlement Class, if you wish to do so, by _____, 2014. **If you choose to exclude yourself, you will not be bound by the proposed Settlements if approved**. If an attorney suggests that you pursue an individual claim outside of the Settlement Class and you want to compare your options, you are welcome to call Co-Lead Counsel identified in this Notice. |
| **OBJECT TO THE SETTLEMENTS** | You may write the Court about why you do not like any aspect of the proposed Settlements. Written objections to the proposed Settlements must be filed with the Court no later than _____. |
| **GO TO THE FINAL APPROVAL HEARING** | If you timely object in writing to the proposed Settlements, you will be entitled to ask to speak in Court about the fairness of the proposed Settlements during the Final Approval Hearing set for _____. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense. |

- These rights and options — and the deadlines to exercise them — are explained in this Notice.

- This Notice is merely a summary of the terms and provisions of the proposed Settlements. For a complete description of the terms and provisions of the proposed Settlements, including certain exceptions, conditions, and limitations that may not be addressed herein, you should read the Settlement Agreements filed with the Court and available at [**WEBSITE**] or by calling [**PHONE NUMBER**]. Capitalized terms in this Notice and the claim form have the meanings assigned herein or in the Settlement Agreements.

- The Court in charge of this case still has to decide whether to approve the proposed Settlements. Please be patient.

946813_5

## **BASIC INFORMATION**

### Why did I get this Notice package?

Defendants' records indicate that you may have sold common stock in one of the LBOs of the Target Companies.

The Court directed that you be sent this Notice because you have a right to know about the pendency of the class action lawsuit, the proposed Settlements, and about all of your options, before the Court decides whether to approve the proposed Settlements. If the Court approves them, and after any objections or appeals (if any) are resolved, the claims administrator appointed by the Court will make the payments that the proposed Settlements allow.

This package explains the lawsuit, the class certification, the proposed Settlements, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as *Dahl, et al. v. Bain Capital Partners, LLC, et al.*, Case No. 07-cv-12388-WGY. The individuals and entities who lead the Action, Kirk Dahl, Police and Fire Retirement System of the City of Detroit, City of Omaha Police and Fire Retirement System, and Michael Wojno as executor for the estate of Robert Zimmerman are called Named Plaintiffs, and the parties that they sued are called Defendants.

### Why is this a class action?

In a class action, one or more people called class representatives (in this case, Named Plaintiffs) sue on behalf of individuals or entities who have similar claims. Here, all of these individuals or entities are called a Settlement Class or Settlement Class Members. One judge – in this case United States District Judge Young – resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. On _____, 2014, Judge Young preliminarily certified the Settlement Class.

### Why are there settlements?

The Court did not decide in favor of Named Plaintiffs or the Settling Defendants. Instead, the lawyers for Named Plaintiffs and the Settling Defendants negotiated Settlements that they believe are in the best interests of their respective clients. The proposed Settlements allow both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals. Named Plaintiffs and their attorneys think the proposed Settlements are best for all Settlement Class Members.

To date, only Bain Capital and Goldman Sachs have agreed to settle. The Remaining Defendants have not agreed to settle, so the Action is continuing against them. Additional money may become available in the future as a result of additional settlements and/or a trial, but there is no guarantee this will happen.

## **WHO GETS MONEY FROM THE SETTLEMENTS**

To see if you will get money from the proposed Settlements, you first have to determine if you are a Settlement Class Member.

**How do I know if I am part of the proposed Settlements?**

In its _____, 2014 Preliminary Approval Order, the Court defined the following Settlement Class:

- All persons or entities who sold or exchanged their common stock of (1) AMC Entertainment Inc., (2) SunGard Data Systems Inc., (3) Aramark Corporation, (4) Kinder Morgan, Inc., (5) HCA Inc., (6) Freescale Semiconductor, Inc., (7) Harrah's Entertainment, Inc., or (8) TXU Corp., as part of the leveraged buyout of each of the preceding target companies.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR WILL RECEIVE PROCEEDS FROM THE PROPOSED SETTLEMENTS.**

**Are there exceptions to being included in the Settlement Class?**

There are exceptions to being included in the Settlement Class, as follows:

- Excluded from the Settlement Class are the Court and any members of the Court's immediate family; the Defendants, including their predecessors, successors, and affiliates as well as their current and former directors, managers, partners, officers, and employees; and the directors and officers of each target company at the time of the LBO, provided that the foregoing exclusion shall not cover "Goldman Sachs Investment Vehicles," which for these purposes shall mean any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which Goldman Sachs has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but are not managed by Goldman Sachs' Merchant Banking Division and of which Goldman Sachs or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

**I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help. You can call Co-Lead Counsel or visit **[WEBSITE]** for more information.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

**What do the proposed Settlements provide?**

Bain Capital will pay $54 million in cash (the "Bain Capital Settlement Fund"), and Goldman Sachs has paid $67 million in cash (the "Goldman Sachs Settlement Fund") (collectively, the "Settlement Funds"). The Settlement Funds, plus interest earned from the date they are established, less costs, fees, service award(s), and expenses ("Net Settlement Funds"), will be divided among all eligible Settlement Class Members who send in valid claim forms before the _____, 2014 deadline ("Authorized

Claimants"). Costs, fees, and expenses include Court-approved attorneys' fees and expenses (*see* discussion of attorneys' fee application below), the costs of notifying Settlement Class Members, including the costs of printing and mailing this Notice, the cost of publishing notice, and the costs of claims administration.

**How much will my payment be?**

Your share of the Net Settlement Funds will depend on the number of valid claim forms that Settlement Class Members send in and the dollar volume of your qualifying transactions, which are the sale of common stock in the LBOs of the eight Target Companies.

After all Settlement Class Members have sent in their claim forms, the payment you get will be a part of the Net Settlement Funds that will be calculated in a manner consistent with the allocation plan described below. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

### PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AMONG SETTLEMENT CLASS MEMBERS

The Net Settlement Funds shall be distributed to Authorized Claimants.

At this time Co-Lead Counsel believes that a two-step allocation method will fairly, reasonably and adequately allocate the Net Settlement Funds to Authorized Claimants.

Co-Lead Counsel anticipates that the two-step allocation will involve first allocating the Net Settlement Funds among the eight LBOs in a manner consistent with the assessment of the impact on and damages to the Settlement Class in connection with each of the LBOs using a methodology which is the same or similar to that performed by plaintiffs' experts in connection with plaintiffs' class certification motion, and which is anticipated to be used at trial against the Non-Settling Defendants.

Second, the Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Funds based upon each Authorized Claimant's volume of qualifying transactions in each and any of the LBOs of the Target Companies, compared to the total volume of qualifying transactions of all Authorized Claimants, for each of the LBOs of the Target Companies.

For further information and consideration, Co-Lead Counsel will prepare supplemental information describing how they intend to allocate the Net Settlement Funds among the LBOs (step one above). This supplemental allocation information will be filed with the Court and posted on the settlement website at [**settlement website**] no later than _____ [**45 calendar days before the end of the 60 day fairness period**].

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**How will I get a payment?**

To qualify for a payment, you must timely submit a claim form. A claim form is enclosed with this Notice. Please read the instructions carefully. You must fill out the form, include all the information the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than_____.

### When will I get my payment?

The Court will hold a Final Approval Hearing on _____ 2014, at _____ to decide whether to approve the proposed Settlements. If Judge Young approves the proposed Settlements, there may be appeals. It is always uncertain whether these appeals (if any) can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the claim forms to be processed. If there are no appeals and depending on the number of claims submitted, the claims administrator could distribute the Net Settlement Funds as early as nine months to a year after the Final Approval Hearing. Please be patient.

### What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Settling Defendants about the same issues in this case or about issues that could have been asserted in this case.

However, as a member of the Settlement Class, your claims against the Remaining Defendants will continue to be litigated as part of the class action lawsuit. If there is a settlement or a favorable result of the claims against the Defendants in the future, you may participate in the benefits. Staying in the Settlement Class also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims (both "Goldman Sachs Released Claims" and "Bain Capital Released Claims") in this case against the Releasees (both "Goldman Sachs Releasees" and "Bain Capital Releasees").

"Goldman Sachs Releasees" shall refer to Goldman Sachs, and to all of its respective past, present and future, direct and indirect parent entities, subsidiaries, related entities and affiliates, partnerships, investor funds, and their respective general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, insurers, heirs, executors, administrators and any controlling person thereof, provided, however, that "Goldman Sachs Releasees" does not included any Remaining Defendant.

"Goldman Sachs Released Claims" shall refer to any and all allegations, claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether in law or equity or arising under constitution, statute, regulation, ordinance, contract or otherwise, direct or indirect, whether known or unknown, foreseen or not foreseen, or present or contingent, for any injury, damage or loss of any kind whatsoever, including, but not limited to, compensatory damages, consequential damages, incidental damages, statutory liquidated damages, exemplary damages, punitive damages, costs, expenses, interest, and attorneys' fees, that they ever had, now have or may in the future have, own, or claim existing as of the Effective Date (as defined in the Settlement Agreement) that (a) were brought or could have been brought in this Action and (b) concern the AMC, Aramark, Freescale,

Harrah's, HCA, Kinder Morgan, SunGard, and/or TXU LBOs.

"Bain Capital Releasees" shall refer to Bain Capital; the predecessors, successors and assigns of Bain Capital; and each and all of its Bain Capital's past, present, and future direct and indirect parent entities, subsidiaries, affiliates, partnerships, general partners, limited partners (who are not a non-settling Defendant or Defendants), shareholders, investors (however denominated), investment funds that it or any of its affiliates managed or advised and such funds' respective affiliates, joint ventures and joint venturers (except joint ventures or joint venturers with respect to the eight transactions identified in the settlement class definition above), members, officers, directors, managers, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, supervisors, partners, heirs, executors, administrators, assigns, or controlling persons, and excludes any other non-settling Defendant ever named in this Action.

"Bain Capital Released Claims" shall refer to any and all allegations, claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether in law or equity or arising under constitution, statute, regulation, ordinance, contract or otherwise, direct or indirect, whether known or unknown, foreseen or not foreseen, or present or contingent, for any injury, damage or loss of any kind whatsoever, including, but not limited to, compensatory damages, consequential damages, incidental damages, statutory liquidated damages, exemplary damages, punitive damages, costs, expenses, interest, and attorneys' fees, which they ever had, now have or may in the future have, own, or claim existing as of the date of this Agreement that (a) were brought or could have been brought in this Action and/or (b) concern the AMC, Aramark, Freescale, Harrah's, HCA, Kinder Morgan, SunGard, and/or TXU transactions.

## **EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

If you do not want to remain in the Settlement Class and do not want a payment from the proposed Settlements, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as "opting out" of the Settlement Class.

**How do I get out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from the Settlement Class in *Dahl, et al. v. Bain Capital Partners, LLC, et al*., Case No. 07-cv-12388-WGY. You must include your name, address, telephone number, and your signature. Your letter should also state the date(s) of all of your transactions of common stock of the Target Companies. You must mail your exclusion request postmarked no later than _____ to:

**[CLAIMS ADMINISTRATOR CONTACT INFO]**

You cannot exclude yourself on the phone or by e-mail. You must do so by mail. If you ask to be excluded by mail by _____, 2014, you are not eligible to get any payment as a result of the proposed Settlements and you cannot object to the proposed Settlements. You will not be legally bound by anything that happens in the Action.

- 7 -

946813_5

**If I do not exclude myself, can I sue the Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue the Settling Defendants for the claims that these Settlements resolve, or for any claims against any of the Settling Defendants relating to the issues in this Action.  Remember, the exclusion deadline is _____, 2014.

**If I exclude myself, can I get money from the proposed Settlements?**

No.  If you exclude yourself, do not send in a claim form to ask for any money.  Once you exclude yourself, you will receive no cash payment even if you also submit a claim form.

## THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in this case?**

The Court appointed Robbins Geller Rudman & Dowd LLP, Scott + Scott LLP, and Robins, Kaplan, Miller & Ciresi, LLP to represent you and other Settlement Class Members.  These lawyers are called Co-Lead Counsel.  Co-Lead Counsel will apply to the Court for payment of attorneys' fees and expenses from the Settlement Funds.  You will not otherwise be charged for Co-Lead Counsel's services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## OBJECTING TO THE SETTLEMENTS

You can tell the Court that you do not agree with the proposed Settlements or some part of them.

**How do I tell the Court that I do not like the proposed Settlements?**

If you are a Settlement Class Member, you can object to all or any part of the proposed Settlements, the request for attorneys' fees and expenses, proposed service award(s) or the Plan of Allocation.  You can give reasons why you think the Court should not approve the proposed Settlements, the request for attorneys' fees and expenses, the petition for a Named Plaintiff service award, or the Plan of Allocation.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed Settlements in *Dahl, et al. v. Bain Capital Partners, LLC, et al.*, Case No. 07-cv-12388-WGY.  Your letter must include your name, address, telephone number, your signature, your transactions of common stock of the Target Companies, and the reasons you object to the proposed Settlements, the requested attorneys' fees and expenses, or the Plan of Allocation.  Any such objection must be mailed or delivered such that it is received by each of the following no later than _____, 2014:

*Court*:

Clerk of the Court
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

*Co-Lead Counsel*:

| | |
|---|---|
| David R. Scott<br>Christopher M. Burke<br>Scott + Scott LLP<br>707 Broadway<br>San Diego, CA 92101<br>(619) 233-4565 | Patrick J. Coughlin<br>David W. Mitchell<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-3301<br>(619) 231-1058 |

K. Craig Wildfang
Thomas J. Undlin
Robins, Kaplan, Miller & Ciresi, LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
(612) 349-8500

*Counsel for Settling Defendants*:

| | |
|---|---|
| John D. Hanify<br>Michael T. Marcucci<br>JONES DAY<br>100 High Street<br>Boston, MA 02110<br>(617) 960-3939 | John D. Donovan, Jr.<br>Ropes & Gray LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600<br>(617) 951-7566 |
| Craig S. Primis, P.C.<br>Kirkland. & Ellis LLP<br>655 15th Street, NW<br>Washington, DC 20005<br>(202) 879-5000 | Richard C. Pepperman II<br>Benjamin R. Walker<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004-2498<br>(212) 558-4000 |
| James H. Mutchnik, P.C.<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000 | |

### What is the difference between objecting and excluding myself from the proposed Settlements?

Objecting is telling the Court that you do not like something about the proposed Settlements. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the proposed Settlements no longer apply to you.

### REQUEST FOR ATTORNEYS' FEES AND PAYMENT OF COSTS AND EXPENSES

Co-Lead Counsel are requesting attorneys' fees in the amount of 27.5% of the Settlement Fund and payment of litigation costs and expenses in the amount not to exceed $10,000,000. Co-Lead Counsel also intend to petition the Court for service awards to Named Plaintiffs. The hearing on Co-Lead Counsel's request for attorneys' fees, payment of costs and expenses, and the potential service award(s) will be held on _____ at \_\_\_\_\_ , before the Hon. William G. Young, of the United States District Courthouse, at 1 Courthouse Way, Boston, MA 02210. The time and date of that hearing may be continued without further notice to the Settlement Class.

**THIS IS ONLY A SUMMARY OF THE REQUEST FOR ATTORNEY'S FEES, PAYMENT OF COSTS AND EXPENSES, AND PETITION FOR SERVICE AWARD(S). THE MOTION IN SUPPORT OF THE REQUEST IS ON FILE WITH THE DISTRICT COURT AND IS AVAILABLE AT [WEBSITE].**

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlements. You may attend, but you do not have to.

### When and where will the Court decide whether to approve the proposed Settlements?

The Court will hold the Final Approval Hearing at _____on_____, at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210. At this hearing, the Court will consider whether the proposed Settlements are fair, reasonable, and adequate. The Court will take into consideration any written objections filed in accordance with the instructions in this Notice. The Court also may listen to people who have properly indicated, within the deadline identified above, a desire to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. The Court will also decide whether to approve the Plan of Allocation and the payment of fees and expenses to Co-Lead Counsel. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

You should be aware that the Court may change the date and time of the Final Approval Hearing. Thus, if you want to come to the hearing, you should check with Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

### Do I have to come to the Final Approval Hearing?

No. Co-Lead Counsel will answer any questions Judge Young may have. But, you are welcome to come

at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so.

**May I speak at the Final Approval Hearing?**

You may ask the Court for permission to speak at the hearing. To do so, you must send a letter saying that it is your desire to appear in *Dahl, et al. v. Bain Capital Partners, LLC, et al*., Case No. 07-cv-12388-WGY. Your letter must include your name, address, telephone number, your signature, and your transactions of common stock of the Target Companies. Your notice of intention to appear must be received no later than_____, by the Clerk of the Court, Co-Lead Counsel, and the Settling Defendants' counsel, at the addresses listed above. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

**What happens if I do nothing at all?**

If you do nothing, you will remain a member of the Settlement Class, but you will get no money from the proposed Settlements, unless you submit a claim form. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants about or related to the issues in this case.

## GETTING MORE INFORMATION

**Are there more details about the Settlements?**

This Notice summarizes the proposed Settlements. More details are in the Settlement Agreements dated June 9, 2014 (Bain Capital) and June 10, 2014 (Goldman Sachs) which have been filed with the Court. You can get a copy of the Settlement Agreements from the Clerk's office at the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, MA 02210, during regular business hours, or at **[WEBSITE]**.

**How do I get more information?**

You can call _____or write to one of Co-Lead Counsel or visit the website at [**WEBSITE**].

*Please do not call the Court or the Clerk of the Court for*
*additional information about the Settlements.*

    DATED: _____, 2014    BY ORDER OF THE COURT
    UNITED STATES DISTRICT COURT
    DISTRICT OF MASSACHUSETTS

946813_5