UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRK DAHL, *et al.*, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BAIN CAPITAL PARTNERS, LLC, *et al.*, <br><br> Defendants. | Lead Case No. 1:07-cv-12388-WGY <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, APPOINTING CLASS COUNSEL FOR THE SETTLEMENT CLASS, APPROVING NOTICE PLAN, AND SETTING A FINAL APPROVAL HEARING |

970523_2

WHEREAS, Named Plaintiffs Kirk Dahl, Police and Fire Retirement System of the City of Detroit, City of Omaha Police and Fire Retirement System, and Michael Wojno, as Executor for the Estate of Robert Zimmerman (collectively, "Named Plaintiffs"), by and through their counsel of record, have asserted claims for damages against Defendants alleging violations of federal antitrust laws in the above-captioned action (the "Action");

WHEREAS, Named Plaintiffs have entered into and executed Settlement Agreements with Bain Capital Partners, LLC ("Bain Capital"), The Goldman Sachs Group, Inc. ("Goldman Sachs"), The Blackstone Group L.P. ("Blackstone"), Kohlberg Kravis Roberts & Co. L.P. ("KKR"), TPG Capital, L.P. ("TPG"), TC Group III, L.P. and TC Group IV, L.P. ("Carlyle"), and Silver Lake Technology Management, L.L.C. ("Silver Lake") and, for some Defendants, their respective investment funds (collectively, the "Settling Defendants," and together with Named Plaintiffs, the "Settling Parties"), which, if approved by the Court, will result in the settlement of all claims against the Settling Defendants (the "Settlements");

WHEREAS, the Settling Defendants deny any wrongdoing or liability for any of the allegations made by Named Plaintiffs, and it is agreed between and among the Settling Parties that the Settlement Agreements shall not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by the Settling Defendants or any other person or entity;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, the Settling Defendants have agreed to pay a total of $590,500,000, the aggregate of multiple separate settlement amounts (the "Settlement Funds");

WHEREAS, the Settling Parties have filed the Settlement Agreements with the Court and request that the Court grant preliminary approval of the Settlement Agreements pursuant to Federal Rule of Civil Procedure 23(e);

WHEREAS, the Named Plaintiffs have sought, and the Settling Defendants have agreed not to object to, the certification of the proposed Settlement Class, as defined below;

WHEREAS, the proposed Settlement Class should be certified for the purposes of settlement only, because the proposed Settlement Class meets the numerosity, typicality, commonality and adequacy requirements of Fed. R. Civ. P. 23(a) and the predominance requirement of Fed. R. Civ. P. 23(b);

WHEREAS, Co-Lead Counsel have requested that they be appointed as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g);

WHEREAS, Named Plaintiffs and Settling Defendants have agreed to the entry of this Preliminary Approval Order (hereinafter, the "Order");

WHEREAS, the Court has considered the Settlement Agreements, the proposed Notice Plan, and the other documents submitted in connection with Named Plaintiffs' request for preliminary approval of the Settlement Agreements, certification of the Settlement Class and appointment of counsel for the Settlement Class, and good cause appearing therefor:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

## I.    JURISDICTION

1.1    This Court has jurisdiction over this Action and the Settling Parties.

## II.    DEFINITIONS

2.1    To the extent that capitalized terms used in this Order are not defined in this Order, those terms shall have the same definitions set forth in the Settlement Agreements.

- 2 -

## III.   CERTIFICATION OF SETTLEMENT CLASS

3.1     Upon review of the record, the Court finds that the proposed Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for purposes of the Settlements.  More specifically, and for purposes of the Settlements only, the Court finds as follows:

3.1.1   The Settlement Class, for which records should exist, is readily identifiable;

3.1.2   Due to the nature of the trade and commerce involved there appear to be thousands of geographically dispersed members of the Settlement Class, making the members of the Settlement Class sufficiently numerous to satisfy the numerosity requirement;

3.1.3   Named Plaintiffs' claims are typical of the claims of the members of the Settlement Class in that they arise from the same common course of conduct giving rise to the claims of the members of the Settlement Class;

3.1.4   There are sufficient legal and factual questions common to the Settlement Class to meet the commonality requirement, including whether Defendants conspired or combined for the purpose and with the effect of consummating the leveraged buyouts of certain companies; whether Defendants' conduct violated the federal antitrust laws; and whether Defendants' conduct caused injury to the business or property of Named Plaintiffs and the members of the Settlement Class;

3.1.5   Questions of law and fact common to the Settlement Class predominate over any individualized questions;

3.1.6   Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class, and have retained counsel skilled and experienced in antitrust class action

- 3 -

litigation who do not have interests antagonistic to the Settlement Class and who have, and will continue to, adequately represent the Settlement Class; and

        3.1.7   A class action is superior to individual actions.

      3.2    Therefore, the Court hereby conditionally certifies the Settlement Class.  The Settlement Class is defined as:

> All persons or entities who sold or exchanged their common stock of (1) AMC Entertainment Inc., (2) SunGard Data Systems Inc., (3) Aramark Corporation, (4) Kinder Morgan, Inc., (5) HCA Inc., (6) Freescale Semiconductor, Inc., (7) Harrah's Entertainment, Inc., or (8) TXU Corp., as part of the leveraged buyout ("LBO") of any of the preceding target companies.  Excluded from the Settlement Class are the Court and any members of the Court's immediate family; the Defendants, including their predecessors, successors, and affiliates as well as their current and former directors, managers, partners, officers, and employees; and the directors and officers of each target company at the time of the LBO, provided that the foregoing exclusion shall not cover "Goldman Sachs Investment Vehicles," which for these purposes shall mean any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which Goldman Sachs has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but are not managed by Goldman Sachs' Merchant Banking Division and of which Goldman Sachs or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

      3.3    In the event that the Settlement Agreements are ultimately disapproved, rescinded or otherwise fail to become effective, nothing in this Order shall prevent the Settling Defendants from contesting class certification in the Action.

      3.4    The Court does not address or make any findings herein as to whether a plaintiff class may be certified in the Action for any purpose other than for purposes of the Settlements.

## IV.    PRELIMINARY APPROVAL OF SETTLEMENT

      4.1    Upon review of the record, the Court finds that the Settlement Agreements were arrived at through arm's-length negotiations by highly experienced counsel and fall within the range of possible approval.  Therefore, the Settlement Agreements are hereby preliminarily

approved, subject to further consideration thereof at the final approval hearing provided for

below. The Court preliminarily finds that the Settlements encompassed by the Settlement

Agreements raise no obvious reasons to doubt their fairness and raise a reasonable basis for

presuming that the Settlements and the terms of the Settlement Agreements satisfy the

requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that

notice of the Settlements should be given as provided in this Order.

## V.    CLASS COUNSEL AND CLASS REPRESENTATIVES

5.1     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purpose

of settlement only, the following counsel are designated as co-lead counsel for the Settlement

Class ("Settlement Class Counsel"):

> Patrick J. Coughlin
> David W. Mitchell
> Robbins Geller Rudman & Dowd LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101-3301
> (619) 231-1058
>
> David R. Scott
> Christopher M. Burke
> Scott + Scott, Attorneys at Law, LLP
> 707 Broadway, Suite 1000
> San Diego, CA 92101
> (619) 233-4565
>
> K. Craig Wildfang
> Thomas J. Undlin
> Robins, Kaplan, Miller & Ciresi, LLP
> 800 LaSalle Avenue
> 2800 LaSalle Plaza
> Minneapolis, MN 55402
> (612) 349-8500

5.2     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of

settlement only, Named Plaintiffs Kirk Dahl, Police and Fire Retirement System of the City of

Detroit, City of Omaha Police and Fire Retirement System, and Michael Wojno, as Executor for

970523_2

the Estate of Robert Zimmerman, are preliminarily certified as Class Representatives for the Settlement Class.

## VI.    NOTICE OF SETTLEMENT

6.1      Settlement Class Counsel have submitted proposed forms of a Notice of Class Certification, Proposed Class Action Settlements with Certain Defendants, and Final Approval Hearing ("Mail Notice") and a Summary Notice.

6.2      The Settling Parties have submitted a plan: (a) for dissemination of notice to the Settlement Class; (b) to set the schedule for deadlines for mailing the Mail Notice, publishing the Summary Notice, and for giving notice of exclusion or objection to the Settlements by any member of the Settlement Class; and (c) to set a hearing date on final approval of the proposed Settlements (the "Notice Plan").

6.3      The Court finds that the Notice Plan, including individual notice to all members who can be identified through reasonable effort, constitutes the best notice practicable under the circumstances and is reasonably calculated to apprise Settlement Class Members of the proposed Settlements, to apprise Settlement Class Members of their right to exclude themselves or to object, and to provide valid, due and sufficient notice to all persons entitled thereto. The Court hereby approves the Notice Plan, including the forms of Mail Notice and Summary Notice and the following proposed schedule:

6.3.1    The firm of Epiq Class Action & Claims Solutions, Inc. shall serve as the Settlement Administrator and shall be responsible for the administration of the Settlements and distribution of the Settlement Funds;

6.3.2    Within thirty (30) days after the date of entry of this Order, the Mail Notice will be sent by first class mail to all potential Settlement Class Members who can be

- 6 -

identified through reasonable efforts;

6.3.3    The Summary Notice is to be published once in the national edition of *The Wall Street Journal* commencing no later than thirty (30) days after the date of entry of this Order, or as soon thereafter as is feasible;

6.3.4    Any requests for exclusion from the Settlement Class must be postmarked by no later than sixty (60) days after the date of the sending of the Mail Notice;

6.3.5    Any objections to the proposed Settlements, requests to be heard at the final approval hearing, or entry of a separate appearance for a member of the Settlement Class must be filed with the Court and served on Settlement Class Counsel and counsel for Settling Defendants no later than sixty (60) days after the date of the sending of the Mail Notice. Failure to timely file and serve written objections will preclude a Settlement Class Member from objecting to the proposed Settlements;

6.3.6    Proof of Claim Forms must be postmarked no later than sixty (60) days after the date of the sending of the Mail Notice.

6.3.7    Settlement Class Counsel shall file with the Court additional motion papers in support of the Settlements, a petition for attorneys' fees and expenses and in support of service awards (if any) for Named Plaintiffs, and any supplemental information describing the Plan of Allocation within fifteen (15) days after the date of the sending of the Mail Notice (forty-five (45) days after entry of this Order preliminarily approving the Settlements);

6.3.8    Settlement Class Counsel shall file with the Court affidavit(s) or declaration(s) of the person(s) under whose general direction the mailing and publication of the Notices were made, showing that mailing and publication were made in accordance with the Order fourteen (14) days after the deadline for filing objections to the Settlements;

970523_2

6.3.9     Settlement Class Counsel and/or Settling Defendants may file with the Court any reply papers in support of approval of the Settlement Agreements thirty (30) days after the deadline for filing objections to the Settlements; and

6.3.10    The Court will hold the final approval hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure at **2** p.m., on **2/11/**__, 2014 (no earlier than fourteen (14) days after the reply papers in support of the proposed Settlements are filed) at 1 Courthouse Way, Boston, MA 02210.

## VII.    OTHER PROVISIONS

7.1     The Court approves the establishment of escrow accounts under the Settlement Agreements as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSFs.

7.2     Settlement Class Counsel are hereby authorized to withdraw without further order of the Court and prior to this Court's disposition of any motion for final settlement approval funds for payment of costs of administering the Settlements and providing notice to members of the Settlement Class. In the event the Settlement Agreements shall terminate or be canceled or shall not become effective for any reason, Settlement Class Counsel are not obligated to refund the amount withdrawn from the Settlement Funds for payment of costs of providing notice to members of the Settlement Class and of administering that notice.

7.3     In the event that any of the Settlement Agreements shall terminate, or be canceled, or shall not become effective for any reason, those Settling Parties are hereby authorized to direct the escrow agent appointed pursuant to the Settlement Agreements (the "Escrow Agent") to refund the Settlement Fund(s) to Settling Defendant(s) (including accrued

- 8 -

970523_2

interest) pro rata, less any amount that Settlement Class Counsel have withdrawn from the Settlement Fund(s), and any amount that is owed to the Settlement Administrator, for payment of costs of providing and administering notice to members of the Settlement Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 7.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that the Settling Defendant(s) are entitled to a refund of any portion of the Settlement Fund(s), for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to the Settling Defendant(s) from the Settlement Fund(s) pro rata. Pursuant to the terms of the Settlement Agreements, upon completion of the payments set forth in the Settlement Agreements, the Settling Defendants shall have no further obligations or liabilities with respect to the Settlement Funds.

7.4     In the event that any of the Settlement Agreements are terminated in accordance with the provisions of the Settlement Agreements, the terminated Settlement(s) and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement(s), and such termination shall be without prejudice to the rights of the Settling Defendants, Named Plaintiffs, and the Settlement Class, including the rights of each to contest class certification and merits issues.

7.5     Neither this Order nor the Settlement Agreements, nor any and all negotiations, documents, and discussions associated with such negotiation, shall constitute any evidence or admission of liability by Settling Defendants, nor shall any documents relating to the Settlements be referred to, offered in evidence, or received into evidence in this or any other pending or future civil, criminal, or administrative action or proceeding except to consummate or enforce the Settlement Agreements or the terms of this Order or if offered by Settling Defendants in

- 9 -

responding to any action purporting to assert Released Claims, as defined in the Settlement Agreements.

7.6     All proceedings as to Settling Defendants in this litigation are hereby stayed pending further order of the Court, except for proceedings provided for or required by the Settlement Agreements, such as proceedings relating to the determination of whether the Settlement Agreements will be finally approved.

7.7     The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlements.

7.8     The Court reserves the right to adjourn the date of the final approval hearing without further notice to the members of the Settlement Class.  The Court may approve the Settlements, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

SO ORDERED.

DATED: *September 29, 2014*        *William B. Young*
_____
                                  THE HON. WILLIAM G. YOUNG
                                  UNITED STATES DISTRICT JUDGE

- 10 -