**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KIRK DAHL, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>BAIN CAPITAL PARTNERS LLC, et al.,<br><br>      Defendants. | CIVIL ACTION NO. 1:07-12388-WGY |

**SUPPLEMENTAL DECLARATION OF CO-LEAD COUNSEL IN SUPPORT OF NAMED PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF SETTLEMENTS AND SUPPLEMENTAL PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AND FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

<u>Christopher M. Burke, pursuant to 28 U.S.C. §1746, declares</u>:

1.  I am an attorney duly licensed by the States of California, Wisconsin, and New York. I am a partner with the law firm of Scott+Scott, Attorneys at Law, LLP ("Scott+Scott"), counsel for Plaintiffs. I have been actively involved in the prosecution of this litigation, am familiar with its proceedings, and have personal knowledge of the matters set forth here based on my active supervision of and participation in all aspects of the case. I provide this Supplemental Declaration of Co-Lead Counsel in Support of Named Plaintiffs' Motions for Final Approval of Settlements and Supplemental Plan of Allocation of Settlement Proceeds and for an Award of Attorneys' Fees and Expenses. If called as a witness, I could and would competently testify as to the matters contained herein.

<u>K. Craig Wildfang, pursuant to 28 U.S.C. §1746, declares</u>:

2.  I am an attorney duly licensed by the State of Minnesota. I am a partner with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P. ("Robins, Kaplan"), counsel for Plaintiffs. I have been actively involved in the prosecution of this litigation, am familiar with its proceedings, and have personal knowledge of the matters set forth here based on my active supervision of and participation in all aspects of the case. I provide this Supplemental Declaration of Co-Lead

Counsel in Support of Named Plaintiffs' Motions for Final Approval of Settlements and Supplemental Plan of Allocation of Settlement Proceeds and for an Award of Attorneys' Fees and Expenses. If called as a witness, I could and would competently testify as to the matters contained herein.

<u>Patrick J. Coughlin, pursuant to 28 U.S.C. §1746, declares:</u>

3. I am an attorney duly licensed by the State of California. I am of counsel with the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), counsel for Plaintiffs. I have been actively involved in the prosecution of this litigation, am familiar with its proceedings, and have personal knowledge of the matters set forth here based on my active supervision of and participation in all aspects of the case. I provide this Supplemental Declaration of Co-Lead Counsel in Support of Named Plaintiffs' Motions for Final Approval of Settlements and Supplemental Plan of Allocation of Settlement Proceeds and for an Award of Attorneys' Fees and Expenses. If called as a witness, I could and would competently testify as to the matters contained herein.

<u>Christopher M. Burke, K. Craig Wildfang, and Patrick J. Coughlin, pursuant to 28 U.S.C. §1746, together declare:</u>

4. This supplemental declaration is based on our collective personal knowledge as a result of our participation in these proceedings, which resulted in settlements totaling $590,500,000, and is offered in support of Plaintiffs' Counsel's application for an award of attorneys' fees of $194,865,000, plus interest accrued, $12,028,514.99 in expenses, and $65,000 in service awards to the Named Plaintiffs.

5. This supplemental declaration is offered to address the Court's inquiry on November 19, 2014: "Where is it represented, in support of the requested attorneys fee that the <u>entire</u> common fund, less attorneys fees, cost, and incentive awards, will in fact actually be distributed pro rata to class members?" Electronic Order, ECF No. 1074 (emphasis in original).

6. Plaintiffs' Counsel has recovered a total of $590,500,000, from five separate settlement agreements negotiated by Lead Counsel. Each of the five settlement agreements

provides that the entire settlement proceeds, less attorneys' fees, costs, and incentive awards, ***will be distributed pro rata to class members, with no reverter whatsoever to Defendants***.

7. The settlement agreement with defendant Bain Capital Partners, LLC states, "After this Agreement becomes final within the meaning of paragraph 13, the Settlement Fund shall be distributed only in accordance with plans for direct distributions, cy pres, or as otherwise permitted by law, all to be submitted at the appropriate time by the Named Plaintiffs and approved by the Court." (ECF No. 986-1, ¶26.) The settlement agreement further states, "Once this Agreement becomes final within the meaning of paragraph 13, Bain Capital has no ability to get back any of the Settlement Fund and there shall be no revision of any portion of the Settlement Fund to Bain Capital on account of a decision by any Settlement Class Member to opt-out." (*Id.*)

8. The settlement agreement with defendant The Goldman Sachs Group, Inc. states, "The settlement claims process will be administered by an independent claims administrator selected by Co-Lead Counsel and approved by the Court." (ECF No. 986-2, ¶17.) The settlement agreement further states, "The settlement will be non-recapture, *i.e.*, it is not a claims-made settlement. If the settlement is finally approved, there will be no reversion, and Goldman Sachs has no ability to seek or obtain the return of any of the Settlement Fund." (*Id.*)

9. The settlement agreement with defendant Silver Lake Technology Management, L.L.C. states, "After this Agreement becomes final within the meaning of paragraph 14, the Settlement Fund shall be distributed only in accordance with plans for direct distributions, cy pres, or as otherwise permitted by law, all to be submitted at the appropriate time by the Named Plaintiffs and approved by the Court." (ECF No. 997-1, ¶27.) The settlement agreement further states, "Once this Agreement becomes final within the meaning of paragraph 14, Silver Lake has no ability to get back any of the Settlement Fund and there shall be no revision of any portion of the Settlement Fund to Silver Lake on account of a decision by any Settlement Class Member to opt-out." (*Id.*)

10. The settlement agreement with defendants The Blackstone Group L.P. (including the Blackstone Investment Funds), Kohlberg Kravis Roberts & Co. L.P. (including the KKR Investment Funds (defined below), and TPG Capital, L.P. (including the TPG Investment Funds) states, "After the settlement becomes final within the meaning of paragraph 20, the Settlement Fund shall be distributed only in accordance with plans for direct distributions, cy pres, or as otherwise permitted by law, all to be submitted at the appropriate time by the Named Plaintiffs and approved by the Court." (ECF No. 1018-1, ¶34.) The settlement agreement further states, "Once the settlement becomes final within the meaning of paragraph 20, the Investment Funds have no ability to get back any of the Settlement Fund and there shall be no revision of any portion of the Settlement Fund to the Settling Entities on account of a decision by any Settlement Class Member to opt-out of the settlement or based on claims made by Settlement Class Members." (*Id.*)

11. The settlement agreement with defendants TC Group III, L.P. and TC Group IV, L.P. states, "After the settlement becomes final within the meaning of paragraph 16, the Settlement Fund shall be distributed only in accordance with plans for direct distributions, cy pres, or as otherwise permitted by law, all to be submitted at the appropriate time by the Named Plaintiffs and approved by the Court." (ECF No. 1037-1, ¶30.) The settlement agreement further states, "Once the settlement becomes final within the meaning of paragraph 16, Carlyle has no ability to get back any of the Settlement Fund except as may otherwise be provided herein, and there shall be no reversion of any portion of the Settlement Fund to Carlyle on account of a decision by any Settlement Class Member to opt-out of the settlement or based on claims made by Settlement Class Members, except as may be provided in the Supplemental Agreement referenced in paragraph 33(b) [providing for termination of settlement due to opt-outs]." (*Id.*)

12. The Memorandum of Law in Support of Named Plaintiffs' Motion for Final Approval of Settlements and Supplemental Plan of Allocation of Settlement Proceeds states, "the

consideration is $590.5 million in cash, with no reverter whatsoever to the Defendants." (ECF No. 1050 at 17.)

13. Regarding pro rata distribution, the Supplemental Plan of Allocation describes a two-step process whereby the entirety of the funds will be distributed: "First, the total of the Net Settlement Funds will be allocated among the Eight Deals at issue; second, the Net Settlement Funds attributable to [each of] the Eight Deals, *will be allocated on a pro rata basis to Authorized Claimants* who sold or exchanged shares in each of the Eight Deals." (ECF No. 1050-1 at 1 (emphasis added).)

14. Plaintiffs' Memorandum in Support of an Award of Attorneys' Fees, Litigation Expenses, and Named Plaintiff Service Awards reiterates the representation made to the Court at the hearing on preliminary approval that "a choice by some class members not to make a claim will not decrease the total paid to the class." (ECF No. 1052 at 6 n.1.)

15. At the September 29, 2014 hearing on preliminary approval, Lead Counsel confirmed that "the entire common fund, less attorneys fees, cost, and incentive awards, will in fact actually be distributed pro rata to class members[.]" The transcript reads:

> MR. BURKE: There's no reverter here, the entire remainder is going to be – the entire amount is going to be claimed. All right? So let's suppose there is – that 67 percent is left, correct? The shareholders are going to make their claims and, we are going to divide that, we're going to allocate it according to the deal and then within the deal prorate it by who makes the claims. There's not going to be any reverter.
>
> THE COURT: In other words – just to be very clear on the record. When all of this is done, $590,500,000 is going to come off the books of these defendants, correct?
>
> MR. BURKE: Yes, your Honor.
>
> THE COURT: Every bit of the remainder will go in proportionate part, under the mechanics of this settlement, to the shareholders?

    MR. BURKE: Correct.

*Id.* at 9:7-10:3.

Executed on November 20, 2014.   Respectfully submitted,

                 /s/ Christopher M. Burke
                 CHRISTOPHER M. BURKE (admitted *pro hac vice*)
                 SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
                 707 Broadway, Suite 1000
                 San Diego, CA 92101
                 Telephone: 619/233-4565


                 K. CRAIG WILDFANG (admitted *pro hac vice*)
                 ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                 2800 LaSalle Plaza
                 800 LaSalle Avenue South
                 Minneapolis, MN 55402-2015
                 Telephone: 612/349-8500


                 PATRICK J. COUGHLIN (admitted *pro hac vice*)
                 ROBBINS GELLER RUDMAN & DOWD LLP
                 655 West Broadway, Suite 1900
                 San Diego, CA 92101
                 Telephone: 619/231-1058

        MR. BURKE: Correct.

*Id.* at 9:7-10:3.

Executed on November 20, 2014.        Respectfully submitted,

                                                          CHRISTOPHER M. BURKE (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/233-4565

*/s/ K. Craig Wildfang*
K. CRAIG WILDFANG (admitted *pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402-2015
Telephone: 612/349-8500

PATRICK J. COUGHLIN (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

MR. BURKE: Correct.

*Id.* at 9:7-10:3.

Executed on November 20, 2014.        Respectfully submitted,

_____
CHRISTOPHER M. BURKE (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/233-4565


_____
K. CRAIG WILDFANG (admitted *pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402-2015
Telephone: 612/349-8500

_____
PATRICK J. COUGHLIN (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

 s/ Christopher M. Burke
Christopher M. Burke (*pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
cburke@scott-scott.com