UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRK DAHL, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiffs,<br><br>vs.<br><br>BAIN CAPITAL PARTNERS, LLC, et al.,<br><br>                        Defendants. | Lead Case No. 1:07-cv-12388-WGY<br><br><u>CLASS ACTION</u><br><br>AMENDED [PROPOSED] RULE 54(b) FINAL JUDGMENT ORDER AS TO THE GOLDMAN SACHS GROUP, INC. |

On September 29, 2014, the Court entered an Order Granting Preliminary Approval of the Proposed Settlements with Defendants The Goldman Sachs Group, Inc. ("Goldman Sachs") and Bain Capital Partners, LLC ("Bain Capital").[1] Dkt. No. 1042 ("Preliminary Approval Order"). That Preliminary Approval Order specified the manner in which Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") was to provide Mail Notice and Summary Notice (collectively, the "Notice") to the Settlement Class (defined below).[2]

Within ten (10) days of the filing of the Preliminary Approval Motion (Dkt. No. 984), Goldman Sachs complied with the requirements of 28 U.S.C. §1715(b) by serving the appropriate documents and other information on the appropriate State and Federal officials.

Following the dissemination of the Notice, Settlement Class members were given an opportunity to participate in the Settlement, exclude themselves from the Settlement or object to the Settlement and/or to Co-Lead Counsel's request for fees and expenses.

A Fairness Hearing was held on February 11, 2015, at which time all interested persons were given a full opportunity to state any objections to the Settlement Agreement. The Fairness Hearing was over 120 days after Goldman Sachs provided notice as required by 28 U.S.C. §1715(d) and 121 days after the Settlement Class was provided Notice pursuant to paragraph 6 of the Preliminary Approval Order.

Having read and fully considered the terms of the Settlement Agreement, and all submissions made in connection with it, and the Motion for an Award of Attorneys' Fees, Litigation Expenses,

---

[1] Bain Capital is the subject of a separate Final Judgment Order.

[2] Capitalized terms not otherwise defined herein shall have the meanings given in the Settlement Agreement with The Goldman Sachs Group, Inc. (Dkt. No. 986-2) (the "Settlement Agreement") or, if not defined in the Settlement Agreement, in the Preliminary Approval Order.

and Named Plaintiff Service Awards (Dkt. No. 1051), the Court finds that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay, and therefore expressly directs the entry of Final Judgment as to Goldman Sachs. The Settlement Agreement is finally approved and Goldman Sachs dismissed with prejudice as to all Settlement Class members who have not excluded themselves from the Settlement Class, and without prejudice as to all persons who timely and validly excluded themselves from the Settlement Class.

IT IS HEREBY ORDERED that:

1. For purposes of the Settlement (and the separate settlement by Bain Capital) only, the Settlement Class is defined as:

> All persons or entities who sold or exchanged their common stock of (1) AMC Entertainment Inc., (2) SunGard Data Systems Inc., (3) Aramark Corporation, (4) Kinder Morgan, Inc., (5) HCA Inc., (6) Freescale Semiconductor, Inc., (7) Harrah's Entertainment, Inc., or (8) TXU Corp., as part of the leveraged buyout ("LBO") of any of the preceding target companies. Excluded from the Settlement Class are the Court and any members of the Court's immediate family; the Defendants, including their predecessors, successors, and affiliates as well as their current and former directors, managers, partners, officers, and employees; and the directors and officers of each target company at the time of the LBO, provided that the foregoing exclusion shall not cover "Goldman Sachs Investment Vehicles," which for these purposes shall mean any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which Goldman Sachs has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but are not managed by Goldman Sachs' Merchant Banking Division and of which Goldman Sachs or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

2. The Settlement Class is finally certified as a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, as follows:

    (a) The Settlement Class, for which records should exist, is readily identifiable;

- 2 -

(b) Due to the nature of the trade and commerce involved there appear to be thousands of geographically dispersed members of the Settlement Class, making the members of the Settlement Class sufficiently numerous to satisfy the numerosity requirement;

(c) Named Plaintiffs' claims are typical of the claims of the members of the Settlement Class in that they arise from the same common course of conduct giving rise to the claims of the members of the Settlement Class;

(d) There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement, including whether Defendants conspired or combined for the purpose and with the effect of consummating the leveraged buyouts of certain companies; whether Defendants' conduct violated the federal antitrust laws; and whether Defendants' conduct caused injury to the business or property of Named Plaintiffs and the members of the Settlement Class; and

(e) Questions of law and fact common to the Settlement Class predominate over any individualized questions.

3. The Court hereby approves the terms of the Settlement Agreement as fair, reasonable, and adequate as it applies to Named Plaintiffs and the Settlement Class, and directs consummation of all its terms and provisions.

4. The Settlement Agreement shall be binding on all members of the Settlement Class who did not duly request exclusion from the Settlement Class in the time and manner set forth in the Notice.

5. The Court dismisses on the merits and with prejudice the Fifth Amended Class Action Complaint for Violations of the Federal Antitrust Laws as to Goldman Sachs. Neither Goldman Sachs nor any of the other Goldman Sachs Releasees shall be liable for any of the costs or expenses of the litigation of the Action, including, without limitation, attorneys' fees, fees and

expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for class administration and costs.

6. "Released Claims" shall refer to any and all legal, equitable, or other allegations, claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether based on common law, equity, or on any federal or state statute, rule, regulation, other law, contract or other right of action, whether direct or indirect, known or unknown, suspected or unsuspected, foreseen or not foreseen, or fixed or contingent, for any injury, damage or loss of any kind whatsoever, including, but not limited to, compensatory damages, consequential damages, incidental damages, special damages, statutory liquidated damages, exemplary damages, punitive damages, costs, expenses, interest, and attorneys' fees, which the Plaintiff Releasors ever had, now have or may in the future have, own, or claim existing as of the date of this Agreement that were asserted or could have been asserted in this Action or that concern the Transactions, or any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action.

7. The Court hereby permanently bars, enjoins and restrains Named Plaintiffs and the Settlement Class members from initiating, instituting, commencing, bringing, or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Goldman Sachs or other Goldman Sachs Releasees that is based upon, relates to, or arises out of any of the Released Claims.

8. This Court hereby (a) permanently bars, enjoins and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims (as defined in the Settlement

- 4 -

Agreement) against any of the Goldman Sachs Releasees, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins and restrains the Goldman Sachs Releasees from commencing, prosecuting, or asserting any Barred Claims against any person or entity, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere.

9. Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or any member of the Settlement Class against any person or entity subject to Paragraph 8 shall be reduced as provided by applicable law.

10. If the Settlement Agreement becomes null and void pursuant to its terms, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

11. Without affecting the finality of this Final Judgment Order in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all Settlement Class members, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

12. The Supplemental Plan of Allocation, annexed as Exhibit A to the Memorandum of Law in Support of Named Plaintiffs' Motion for Final Approval of Settlements and Supplemental Plan of Allocation of Settlement Proceeds, which was previously filed with the Court on November 13, 2014 (Dkt. No. 1050), is hereby approved.

In accordance with Federal Rule of Civil Procedure 54(b), and the Court having found that there is no just reason for delay, the Clerk is directed to enter this Final Judgment Order forthwith.

IT IS SO ORDERED.

DATED: *March 2, 2015*                    *William G. Young*
                                                              THE HONORABLE WILLIAM G. YOUNG
                                                              UNITED STATES DISTRICT JUDGE